Bronislaw J. BIERCZYNSKI, Sr., Anna C. Bierczynski, and Bronislaw J. Bierczynski, Jr., also known as Ronald Bierczynski, Defendants Below, Appellants,

v.

Cecil B. ROGERS, Susan D. Rogers, through her Next Friend, Vera W. Rogers, Plaintiffs Below, and Robert C. Race, Defendant Below, Appellees.

Supreme Court of Delaware.

Feb. 21, 1968.

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for Bierczynski defendants below, appellants.

Julian D. Winslow, Wilmington, for plaintiffs below, appellees.

Max S. Bell, Jr., of Richards, Layton & Finger, Wilmington, for Race, defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal involves an automobile accident in which the plaintiffs claim that the defendant motorists were racing on the public highway, as the result of which the accident occurred.

The plaintiffs Cecil B. Rogers and Susan D. Rogers brought this action against Robert C. Race and Ronald Bierczynski, ages 18 and 17 respectively, alleging concurrent negligences in that they violated various speed statutes and various other statutory rules of the road, and in that they failed to keep a proper lookout and failed to keep their vehicles under proper control. The jury, by answer to interrogatories in its special verdict, expressly found that Race and Bierczynski were each negligent and that the negligence of each was a proximate cause of the accident. Substantial verdicts were entered in favor of the plaintiffs against both defendants jointly. The defendant Bierczynski appeals therefrom. The defendant Race does not appeal; rather, he joins with the plaintiffs in upholding the judgment below.

■ The plaintiffs move to dismiss the appeal on the ground that the notice of appeal specified the denial of various motions for judgment made by Bierczynski during trial, as well as the final judgments entered below in favor of the plaintiffs. There is no merit in plaintiffs' contention that the notice of appeal is thereby made too vague and confusing. Obviously, the appeal is taken from the final judgments, the various subordinate rulings during trial being mentioned in the notice in an overabundance of caution. Nor is there any merit in the contention that the notice of appeal was filed too late. The judgments upon the verdicts were entered below on February 6, 1967. The notice of appeal was filed with the Clerk on April 7, 1967. It was too close—dangerously so and, in the absence of extraordinary circumstances, we deplore such last-minute appeals—but it was not too late. Adopting and applying the rule of time-computation prevailing in the courts of this State (Superior Court Civil Rule 6, Del.C.Ann., Chancery Court Rule 6, Del.C.Ann., Superior Court Criminal Rule 45, Del.C.Ann.), whereby the day of the event is not included but the last day of the period is included, the notice was filed within the 60 day appeal period prescribed by Rule 23 of this Court, Del.C.Ann. The motion to dismiss the appeal is denied.

Bierczynski puts his appeal upon three grounds: (1) that it was error for the Trial Court to submit the issue of proximate cause to the jury, insofar as he was concerned, because the plaintiffs failed to prove that any negligence of Bierczynski was a proximate cause of the accident;*

---

* Bierczynski does not deny negligence. He admits driving 45 m. p. h. in a 25 m. p. h. zone.

(2) that it was error for the Trial Court to permit the plaintiffs' attorney to argue to the jury that Race and Bierczynski were racing; and (3) that it was error for the Trial Court to refuse to admit evidence that Rogers had not had Bierczynski arrested and charged with motor vehicle violations, following the accident, although he did take such action as to Race. We think that the decision of the Trial Court, as to each matter complained of, was correct.

■ There was sufficient evidence of proximate causation as to Bierczynski, in our opinion, to warrant the submission of that issue to the jury. The Trial Court had before it the following evidence:

Bierczynski and Race worked at the same place, located a short distance east of Governor Printz Boulevard near Lore Avenue. They lived near each other in the southerly part of Wilmington. On the day before the accident, Bierczynski drove Race to work. On the day of the accident, Bierczynski intended to pick Race up again; but, upon meeting, Race told Bierczynski he would take his own automobile too, because he intended to leave work early. Thereupon, one following the other, they drove toward their place of employment northerly across Wilmington to Lore Avenue in a suburban area of Brandywine Hundred. The accident occurred on Lore Avenue about 300 feet east of its intersection with River Road. Lore Avenue runs east and west and River Road north and south. Lore Avenue was 18 feet wide, macadam surfaces, without a marked center line, and was lined by guard rails at various places. For a distance of about 1,000 feet west of its intersection with River Road, Lore Avenue is a moderately steep hill; after crossing River Road, it levels off. The speed limit at the scene was 25 m. p. h.

Cecil Rogers testified as follows: He was returning from a Girl Scout trip with his daughter, headed for their home located about three blocks from the scene of the accident. He entered Lore Avenue from Governor Printz Boulevard, thus driving in a westerly direction on Lore Avenue. At a point about 300 feet east of River Road, Rogers' car was struck by Race's car which approached him sideways, moving in an easterly direction on the westbound lane. Rogers saw Race's car coming at him; he stopped in the westbound lane; but he was unable to move out of the way because there was a guard rail along that part of the road and no shoulder. Rogers first saw the Race vehicle when it was about 550 feet up Lore Avenue—or about 250 feet west of River Road. At that point, the Race car was being driven easterly on Lore Avenue in the westbound lane, almost along-side the Bierczynski car which was moving easterly in the eastbound lane. The front bumper of the Race car was opposite the back bumper of the Bierczynski car. Both cars were moving at about 55 or 60 m. p. h. down the hill. Before reaching River Road, Race swerved back into the eastbound lane behind Bierczynski, who was about a car length in front. As it crossed River Road, the Race automobile "bottomed on the road"; and it "careened down against the pavement and gave an impression of an explosion"; dust "flew everywhere" sufficiently to obscure the Race car momentarily from Rogers' view. At that point, the Race and Bierczynski automobiles were only "inches apart". The Race car then emerged from behind the Bierczynski car and careened sideways, at about 70 m. p. h., a distance of about 300 feet to the Rogers car standing in the westbound lane. The left side of the Race car struck the front of the Rogers car. Meanwhile, the Bierczynski car was brought to a stop in the eastbound lane, about 35 feet from the area of impact. The Bierczynski car did not come into contact with the Rogers vehicle.

Bierczynski's contention as to lack of proximate cause is based mainly upon the facts that his automobile remained in the proper lane at all times and was stopped about 35 feet before reaching the area of impact, without coming into contact with

the Rogers car. These facts notwithstanding, the foregoing testimony of the plaintiff constituted sufficient evidence of proximate cause, in our opinion, to warrant the submission of that issue to the jury as to both drivers.

A reasonable inference capable of being drawn from the above testimony of Rogers, in the light of the surrounding circumstances, is that Race and Bierczynski were engaged in a speed contest as they came down the hill of Lore Avenue approaching its intersection with River Road. It is unimportant whether it was technically a "race", in the terminology of the defendants who deny that they were "racing". Clearly, the inference of a deliberate and intentional speed competition, as they came down the hill practically side-by-side at twice the legal speed, was permissible from Rogers' testimony; clearly, the inference that Bierczynski maintained his greatly excessive speed deliberately to prevent Race from passing him, was also permissible from Rogers' testimony. We classify both of these courses of conduct as improper racing on the highway. In either of the latter situations, the issue of whether Bierczynski's conduct was a proximate cause of Race's loss of control and collision with Rogers, was a proper issue for the jury.

■ In many States, automobile racing on a public highway is prohibited by statute, the violation of which is negligence *per se*. E. g., State v. Dionne, 24 Conn. Sup. 59, 186 A.2d 561 (1962); State v. O'Connor, 76 N.J.Super. 246, 184 A.2d 83 (1962); Boykin v. Bennett, 253 N.C. 725, 118 S.E.2d 12 (1961); Giemza v. Allied American Mut. Fire Ins. Co., 10 Wisc.2d 555, 103 N.W.2d 538 (1960); Agovino v. Kunze, 181 Cal.App.2d 591, 5 Cal.Rptr. 534 (1960). Delaware has no such statute. Nevertheless, speed competition in automobiles on the public highway is negligence in this State, for the reason that a reasonably prudent person would not engage in such conduct. This conclusion is in accord with the general rule, prevailing in

other jurisdictions which lack statutes on the subject, that racing motor vehicles on a public highway is negligence. 1 Cyclopedia of Automobile Law and Practice (Perm.Ed.) § 761; C.J.S. "Motor Vehicles" § 297; Annotation, 13 A.L.R.(3rd) 431, et seq.; Nelson v. Nason, 343 Mass. 220, 177 N.E.2d 887 (1961); Skipper v. Hartley, 242 S.C. 221, 130 S.E.2d 486, 13 A.L.R.3d 426 (1963).

■ It is also generally held that all who engage in a race on the highway do so at their peril, and are liable for injury or damage sustained by a third person as a result thereof, regardless of which of the racing cars directly inflicted the injury or damage. The authorities reflect generally accepted rules of causation that all parties engaged in a motor vehicle race on the highway are wrongdoers acting in concert, and that each participant is liable for harm to a third person arising from the tortious conduct of the other, because he has induced and encouraged the tort. See Restatement of the Law of Torts, § 876; Jones v. Northwestern Auto Supply Co., 93 Mont. 224, 18 P.2d 305 (1932); Andreassen v. Esposito, 90 N.J.Super. 170, 216 A.2d 607 (1965); Haddock v. Stewart, 232 Md. 139, 192 A.2d 105 (1963); Carney v. De-Wees, 136 Conn. 256, 70 A.2d 142 (1949); Saisa v. Lilja (1 Cir.) 76 F.2d 380 (1935).

We subscribe to those rules; and hold that, as a general rule, participation in a motor vehicle race on a public highway is an act of concurrent negligence imposing liability on each participant for any injury to a non-participant resulting from the race. If, therefore, Race and Bierczynski were engaged in a speed competition, each was liable for the damages and injuries to the plaintiffs herein, even though Bierczynski was not directly involved in the collision itself. Bierczynski apparently concedes liability if a race had, in fact, been in progress. Clearly there was ample evidence to carry to the jury the issue of a race—and with it, implicit therein, the issue of proximate cause as to Bierczynski.

The foregoing disposes of the appellant's contention that there was no evidence upon which it was proper for plaintiffs' counsel to argue to the jury that the defendants were racing.

Finally, we see no merit in the appellant's contention that the Trial Court should have permitted a showing that Rogers brought criminal charges against Race but not against Bierczynski after the accident. The appellant was unable to cite any authority to support his position. We are not surprised.

We find no error as asserted by the appellant. The judgments below are affirmed.