**Franklin J. WYATT, Defendant Below, Appellant,**

v.

**James Carl CLENDANIEL, Administrator of the Estate of James Carl Clendaniel, II, Deceased, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 23, 1974.

B. Wilson Redfearn, of Tybout, Redfearn & Schnee, Wilmington, for appellant.

Michael Joseph Rich, of Tunnell & Raysor, Georgetown, for appellee.

Before HERRMANN, Chief Justice, and CAREY and DUFFY, Associate Justices.

DUFFY, Justice:

In this automobile negligence case defendant appeals from a judgment notwithstanding the verdict and the grant of a new trial on the issue of damages.

The jury returned a verdict for defendant and, by answer to Special Interrogatory No. 2, found that he was not guilty of any negligence which proximately caused the accident.* The Trial Judge, however, set aside the verdict, holding "as a matter of law that Wyatt was negligent in a manner proximately causing the accident by passing the . . . vehicle at an excessive rate of speed". The Court also declared as a matter of law that Interrogatory No. 2 must be answered "yes". A new trial was directed for the determination of damages.

The critical question presented by the appeal is whether the action of the Trial

Judge was justified in law and under the factual circumstances of the case. We think it was not.

Although defendant concedes his negligence, it is settled law that negligence will not sustain an action for damages unless it was a proximate cause of the injury. Island Express v. Frederick, Del.Supr., 5 W.W.Harr. 569, 171 A. 181 (1934); Biddle v. Haldas Bros., Del.Super., 8 W.W. Harr. 210, 190 A. 588 (1937); Prosser, Law of Torts )4 ed.) §§ 41, 42.

After a careful examination of the record we are unable to find support for the conclusion that, as a matter of law, defendant's negligence was a proximate cause of the accident. There is little evidence to show, either directly or circumstantially, that defendant's act (independent of the "racing" question discussed below) caused the collision—indeed there may be none in the present record. Certainly it does not show at what place or in what manner the vehicles came together. Under these circumstances proximate cause was a factual question within the responsibility of the jury. And by answering Interrogatory No. 2 as it did, the jury made clear (under the evidence and the charge given by the Court) that it did not believe defendant's negligence proximately caused the accident.

However, plaintiff contends that there was sufficient evidence to invoke the law stated in Bierczynski v. Rogers, Del.Supr., 239 A.2d 218 (1968). There we held that "as a general rule, participation in a motor vehicle race on a public highway is an act of concurrent negligence imposing liability on each participant for any injury to a non-participant resulting from the race".

We have already noted that there is little independent evidence to establish that defendant's negligence was a proximate cause of the fatality but, tested by the standards of *Bierczynski*, there is evidence to warrant submission of the racing

* Interrogatory No. 2 was as follows:
"2. Was Wyatt neligent in a manner proximately causing the accident?

(Answer yes or no.)   <u>NO</u> "

issue to the jury. We express no view about the quality of that evidence except to say that it raises a triable issue under appropriate instructions. On this latter point the Trial Judge noted the inadequacy of the charge given when tested by *Bierczynski* standards: he wrote that that case "required the Court to give a more expanded charge than was given, and in particular, required some comment on concurrent negligence", and that it was "apparent that the jury was deprived of the opportunity to consider fully the significance of a race on the question of liability".

After a review of the Court's charge, we agree that the instructions on concurrent negligence, specifically as to racing, were inadequate. In our opinion, the proper remedy here is not to enter judgment notwithstanding the verdict, but to grant a new trial so that the jury may have the benefit of the expanded charge on the pertinent law. Accordingly, a remand will be made with instructions to grant a new trial. We do not reach the other grounds of appeal.

\* \* \*

Reversed and remanded.