## KRES *v.* MARYLAND AUTOMOBILE INSURANCE FUND

[No. 70, September Term, 1974.]

*Decided December 4, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Guy M. Albertini*, with whom were *Goldstein & Albertini* on the brief, for appellant.

*Hamilton O'Dunne*, with whom was *Frank X. Gallagher* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This case presents an appeal by Barbara Lee Kres from a ruling of the Circuit Court for Baltimore County (Proctor, J.) which, because of her failure to satisfy at least one of the conditions contained in Maryland Code (1957, 1972 Repl. Vol., 1974 Cum. Supp.) Art. 48A, § 243H, denied Miss Kres permission to sue the Maryland Automobile Insurance Fund [1] for the injuries sustained by her when the

---

1. The Maryland Automobile Insurance Fund is established by and operates under the provisions of Maryland Code (1957, 1972 Repl. Vol., 1974 Cum. Supp.) Art. 48A, §§ 243 to 243L, and was enacted in 1972 by the General Assembly as a substitute for the then existing Unsatisfied Claim and Judgment Fund Law, Code (1957, 1970 Repl. Vol.) Art. 66½, §§ 7-101 to 7-635, which was repealed by Ch. 73, § 2 of the 1972 Laws of Maryland, effective January 1, 1973. But, provision is made in § 243H(b) of the new act that:

> "*Rules of procedure; stipulation and consent to action.*—The executive director shall, with respect to the Fund, and the Court of Appeals shall, with respect to the courts, promulgate rules setting forth procedural requirements with respect to claims against the Fund filed pursuant to this section and as a condition precedent to any liability on the part of the Fund under this section, a claimant shall comply with all such rules. Prior to the effective date of such rules, as a condition precedent to any liability on the part of the Fund under this section, a claimant shall comply with the requirements set forth in §§ 7-606 through 7-635, of Article 66½ of the Annotated Code of Maryland (1970 Replacement Volume) notwithstanding the general repeal of said sections except that any reference therein to the Unsatisfied Claim and Judgment Fund, or the board or attorneys or agents thereof, shall be deemed to refer to the Fund or the executive director, and attorneys or agents thereof, respectively. Notwithstanding the provisions of §§ 7-620, 7-621, 7-622, and 7-623, the executive director on behalf of the Fund may stipulate that the procedural requirements for bringing an action against the Fund have been met and consent to an order permitting the claimant to bring an action against the Fund. No stipulation or consent shall be deemed a waiver of any defense which the Fund may have with respect to the case."

automobile in which she was a passenger veered from the highway and collided with a pole. The appellant contends that the trial judge erred, and we agree, when, at the hearing before the court on her petition to sue the Fund, the judge, in effect, concluded that though he was satisfied the claimant had shown the existence of a cause of action against the driver of the vehicle in which she was riding, Miss Kres had not demonstrated, as is required by § 243H (a) (1) (iii) of Art. 48A to obtain permission to sue the Fund, that she, "[t]he claimant[,] has a cause of action against the [unidentified] operator or owner of a [second] motor vehicle or against the [unidentified] operator who was operating [that second] motor vehicle without the consent of the owner of the motor vehicle." Judge Proctor, at the conclusion of all of the testimony which was presented on the point, concluded that the claimant had not demonstrated that she "has a cause of action" against the phantom driver. We quote this ruling in full:

> "I am going to rule on this right now, and I hope it goes to the Court of Appeals. I am going to refuse to give permission to sue the Maryland Automobile Insurance Fund on the ground the witness testified that what caused the accident was not an unidentified motor vehicle. There was such a vehicle, I am convinced of that, but the clear and uncontradicted proof is that what caused the accident was the speed of the vehicle in which Miss Kres was riding and the driver of that vehicle losing control of it and hitting the pole."

In order for a judge to decide as Judge Proctor did, he must conclude that a claimant has not presented a "cause of action" as that term is utilized in Code (1957, 1972 Repl. Vol., 1974 Cum. Supp.) Art. 48A, § 243H (a) (1) (iii). This Court specifically discussed the meaning of that phrase as it is used in this same context, when it said in *Weber v. Unsat. C & J Fund Bd.*, 261 Md. 457, 462, 276 A. 2d 86 [2] (1971):

---

2. Although Weber v. Unsat. C & J Fund Bd. dealt with the predecessor

"the phrase 'has a cause of action' merely requires a showing by the applicant that he can allege facts indicating a breach of duty by an operator of a phantom vehicle that caused him damage."

And then later in that same opinion, after referring to the claimant's testimony in that case, we said:

"He did not have to prove these allegations at the hearing, but only satisfy the court that his claim was legally actionable. All that is required . . . is an assertion of facts, which, if proven at trial, would compel recovery. Any decision on the facts themselves should be made at the later trial." *Id.* at 462.

Therefore, as we indicated in *Weber*, what must be demonstrated at the hearing on the petition for leave to sue so as to comply with the statutory "cause of action" condition, is evidence which generally on its face shows facts disclosing that the claimant has justification for filing a declaration able to withstand a demurrer—not the presentation of such evidence as would meet every probative test of a prima facie negligence case.

During the proceedings before Judge Proctor, in an effort to show she had a "cause of action," Miss Kres testified: that after leaving a night club in the Topps Shopping Center at a few minutes after 2 o'clock in the early morning of April 3, 1973, she began to travel in an easterly direction on the Baltimore National Pike in a car driven by Gary Reid; that after going a distance of about two miles in the left of the two eastbound lanes of that dual highway (which apparently has at least two lanes running in either direction on both sides of a median), Miss Kres spotted a small sports car moving along in the right lane next to them; and that

uninsured motorist statute to the one involved here, the particular section it discussed, Code (1957, 1970 Repl. Vol.) Art. 66½, § 7-620(4), regarding the phrase "cause of action" and the one with which we are now faced, Code (1957, 1972 Repl. Vol., 1974 Cum. Supp.) Art. 48A, § 243H (a) (1) (iii), are virtually identical.

although she did not know exactly at what speed they were going, she stated that both cars, while traveling abreast, accelerated and "appeared to be racing" at about the same "awfully fast" speed, when suddenly she saw the sports car veer to the left, into their lane, and then sensed a skidding of both cars which caused the Reid car to go off the road and into a pole, but which apparently left the driver of the other car unperturbed as he continued on, vanishing into the darkness. At one point in her testimony the claimant put it this way:

> "The speed of the car driven by Gary Reid accelerated. He started going very fast, what speed I don't know but very fast, and there was another car next to us, a light colored car, and it seemed to cut—we were coming real close—this car cut over and the next thing we hit the pole."

Miss Kres' testimony as to there being a phantom automobile racing along beside the Reid vehicle in the lane to its right, as well as to the swerving movement of that phantom automobile, was corroborated to a considerable extent by Officer Edward Litzinger of the Baltimore City police, who arrived at the scene of the accident shortly after it occurred. The officer stated that "there was another vehicle [(in addition to the Reid vehicle)] involved as far as my investigation disclosed." He based this testimony largely on the fact that he observed on the highway, extending over a distance of two blocks, fresh skid marks of two vehicles, with one set being definitely from the tires of the Reid car because they ran right up to where that vehicle ultimately came to rest. Additionally, there were indications from the other set of skid marks that the car in the right lane crossed the dividing line and edged into the left lane, while both cars were going at an estimated speed of 130 m.p.h. in a 30 m.p.h. zone. As the officer said:

> "The pattern, it was incredibly clear how they would overlap as far as the second vehicle, not the Reid vehicle but the other. By going by the skid

marks it looked as if the second vehicle's marks would go over to the left side of the road and the Reid vehicle's tracks would go — whatever bends the one vehicle would make the other would follow, something parallel, as a matter of fact."

While not as clearly stated as they might have been, the events, thus described by the two witnesses, demonstrate that Miss Kres has a "cause of action" against the operator of the phantom vehicle. We say this because, besides indications that that phantom driver was at least guilty of reckless and negligent driving (in violation of § 11-901 of Art. 66½), speeding (in violation of § 11-801 (c) of Art. 66½), and failure to stay in his own lane (in violation of § 11-309 of Art. 66½), the sports car driver was perhaps also engaged in a racing contest (in violation of § 11-1116 of Art. 66½) about which various jurisdictions, including Maryland, have said:

"Racing motor vehicles on a public highway is negligence, and all those who engage in a race do so at their peril, and are liable for an injury sustained by a third person as a result thereof, regardless of which of the racing cars actually inflicted the injury, or of the fact that the injured person was a passenger in one of the cars." *Haddock v. Stewart,* 232 Md. 139, 143, 192 A. 2d 105 (1963) quoting with approval 60 C.J.S., *Motor Vehicles,* § 297 (1969).

Therefore, if the trier of the facts, based on the testimony of the witnesses appearing before Judge Proctor, determines that there was a phantom driver who, in the operation of his vehicle, violated one or more of the mentioned statutes so as to be guilty of negligent conduct, and further decides that such negligence was a proximate or contributing cause of the happening of the accident, then Miss Kres, if otherwise qualified and not barred by her own conduct, would be entitled to recover, from the statutory substitute for the phantom driver or owner, the damages she sustained as a result of that accident. And this is so, without regard to

whether the driver of the automobile in which Miss Kres was a passenger, was also guilty of negligence which contributed to this unfortunate occurrence.

There are conditions, in addition to those requiring Miss Kres to show that she "has a cause of action," which must be met in order for a person claiming to be injured by an unidentified motor vehicle to obtain permission to sue the Fund, *e.g.*, all reasonable efforts have been made to ascertain the identity of the motor vehicle and its owner or operator, Code (1957, 1972 Repl. Vol., 1974 Cum. Supp.) Art. 48A, § 243H (a) (1) (iv). However, Judge Proctor did not receive evidence concerning or otherwise consider these additional conditions because, with his conclusion that the claimant did not show that she "has a cause of action against the owner or operator" of the phantom vehicle, it became unnecessary for him to pursue the other prerequisites. Accordingly, this case will have to be remanded for further proceedings so as to provide the appellant with an opportunity to prove her compliance with any of the remaining statutory requirements which are still in dispute.

> *Order of the Circuit Court for Baltimore County vacated.*
>
> *Case remanded for further proceedings as herein indicated and then for the passage of an appropriate order, which, on the issue here decided, shall be in conformity with this opinion.*
>
> *Costs to be paid by appellee.*