**William B. NEWNAM, Jr., Defendant below, Appellant,**

v.

**Donald E. SWETLAND, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Argued Feb. 12, 1975.

Decided May 21, 1975.

James T. McKinstry of Richards, Layton & Finger, Wilmington, for defendant below, appellant.

Harold Schmittinger of Schmittinger & Rodriguez, Dover, for plaintiff below, appellee.

Before DUFFY and McNEILLY, JJ., and QUILLEN, Chancellor.

DUFFY, Justice:

This is an appeal from a jury verdict for plaintiff in a personal injury action. Defendant alleges several errors in the course of the Superior Court trial but we focus on only one, failure of the Court to give a requested instruction, which is dispositive of the appeal.

I

This action followed from an intersectional collision between motor vehicles driven by the respective parties. They had been traveling in opposite directions on the same road and had stopped in their respective lanes in response to a red traffic signal. The collision occurred after the light changed to green, apparently while plaintiff was proceeding straight through the intersection and defendant was in the process of making a left turn. The specifics of how the collision occurred are, of course, in conflict. At trial defendant relied, *inter alia*, on the theory that plaintiff was contributorily negligent in proceeding through the intersection as if he had an absolute right of way.

The Court denied defendant's request for a charge on plaintiff's duty of care in the intersection.[1] Defendant noted an exception after the charge was given.[2] The Court did, however, include the following comment in its instructions:

"A green traffic signal is not a command to go; it is a qualified permission to proceed. One having a green traffic signal must proceed in a manner consistent with the general principles of negligence and obey all applicable statutes."

We have reviewed the Court's complete charge and conclude that nothing therein adequately instructs the jury as to plaintiff's duty while proceeding through the intersection, an issue raised by the evidence in the record. See 75 Am.Jur.2d Trial §§ 646, 651, 652. Clearly the "green traffic signal" instruction provides no guidance to the jury as to what "general principles of negligence" were applicable in this intersection. Those principles must be distilled from Delaware law consonant with the evidence in the case. Omission of an appropriate instruction was, under the cir-

---

1. Defendant submitted the following prayer:
"*Duty of Care at an Intersection* The accident occurred at an intersection. The plaintiff contends that he had the right of way. Even if you should determine that plaintiff had the right of way, I instruct you that the law imposes upon motorists the duty of keeping a proper lookout for other vehicles on the streets and highways and that implicit in the duty of looking is the duty to see that which is in plain sight to be seen, unless some reasonable explanation is offered. Even if you should find that the plaintiff had the right of way, this fact did not relieve him of the duty to keep a proper lookout as he approached and entered the intersection. A right of way is not absolute; it is relative only. Regardless of possession of right of way, a motorist must exercise continuously such due care as may be required by the situation confronting him in order to prevent injury to himself and others. Wootten v. Kiger, 226 A.2d 238 (Sup.Ct.1967); Chudnofsky v. Edwards [8 Storey 280], 208 A.2d 516 (Sup.Ct.1965); Carnes v. Winslow [4 Storey 536], 182 A.2d 19 (Sup.Ct.1962)."

2. Counsel stated:
"In the area of the charge on right of way: Your Honor's charge seemed to be limited to a green light and it doesn't command to go forward, et cetera. We think it should have been broader, and in using the term of right of way in the manner submitted in our prayer which is entitled 'Duty of Care at an Intersection.'"

cumstances, prejudicial and reversible error.[3]

As we said in Wyatt v. Clendaniel, Del. Supr., 320 A.2d 738 (1974), "[W]e express no view about the quality of . . . [the] evidence except to say that it raises a triable issue under appropriate instructions." The Court's failure here to give appropriate instructions on this critical theory of defense undermined, we think, the jury's ability to "intelligently perform its duty in returning a verdict." Compare Storey v. Castner, Del.Supr., 314 A.2d 187 (1973).

Reversed.

**3.** We express no view as to the propriety in substance or form of the precise instruction submitted by defendant. We hold only that an instruction on the duty in question was warranted.