277 Md. 602 (1976)
356 A.2d 560
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL.
v.
MARYLAND AUTOMOBILE INSURANCE FUND
[No. 122, September Term, 1975.]
Court of Appeals of Maryland.
Decided May 5, 1976.
The cause was argued before MURPHY, C.J., and SINGLEY, SMITH, DIGGES and LEVINE, JJ.
James K. Carmody, with whom were Serio, Carmody & Nichols on the brief, for appellants.
L. Dale Burgmeier and William A. Franch, with whom were Goldsborough, Franch & Collett and John J. Corbley on the brief, for appellee.
MURPHY, C.J., delivered the opinion of the Court.
On May 6, 1973, Daniel Saxon was injured while driving an automobile with the permission of its owner Kathleen *603 Koegel. He claimed the accident occurred when he was forced to take evasive action to avoid an unidentified motor vehicle which fled the scene. There was no physical contact between the two vehicles.
At the time of the accident, Saxon was an additional insured under a policy issued to Koegel by State Farm Mutual Automobile Insurance Company (State Farm); the policy contained an uninsured motorist endorsement known as "Coverage U" which had been approved by the Maryland Insurance Commissioner and which required, as a prerequisite to coverage, that there be physical contact between the insured and unidentified vehicles. State Farm denied coverage under the endorsement because of the absence of physical contact.
Saxon filed suit in the Circuit Court for Anne Arundel County against the Maryland Automobile Insurance Fund (MAIF); MAIF thereafter sought a declaration that Saxon was entitled to coverage under State Farm's policy because its uninsured motorist endorsement was contrary to the provisions of Maryland Code (1975 Cum. Supp.) Art. 48A, § 541 (c), and was therefore void, unenforceable, and contrary to the public policy of the State.[1] The court (Biener, J.) held that Saxon was entitled to coverage under the endorsement because the provision requiring physical contact between the vehicles was contrary to § 541 (c) and therefore was void and unenforceable. We granted MAIF's petition for a writ of certiorari to the Court of Special Appeals prior to argument in that court. See Code (1974), Courts and Judicial Proceedings Article § 12-201.
At the time of the accident, § 541 (c) provided:
"Uninsured motorist coverage.  In addition to any other coverage required by this subtitle, every policy of motor vehicle liability insurance issued, sold, or delivered in this State after January 1, 1973 *604 may contain coverage, in at least the amounts required under § 7-101 of Article 66 1/2 of the Annotated Code of Maryland (1970 Replacement Volume and 1972 Supplement), for damages which the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance, or use of such uninsured motor vehicle. The coverage required under this subsection (c) shall be in such form and subject to such conditions as may be approved by the Commissioner of Insurance. In no case shall the uninsured motorist coverage be less than the coverage afforded a qualified person under Article 48A, §§ 243H and 243-I." (Emphasis added.)[2]
Article 48A, § 243H provides, in pertinent part:
"(a) Types of claims which may be made against [the Maryland Automobile Insurance] Fund.  The following types of claims arising after January 1, 1973, may be made against the Fund under this section subject to the provisions of this subtitle, and to the extent that the claim is not covered by a policy of motor vehicle liability insurance:
"(1) Claims for the death of or personal injury to a qualified person or for damage to property in excess of $100, arising out of the ownership, maintenance or use of a motor vehicle in this State where the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained or it is established that the motor vehicle, at the time the accident occurred, was in the possession of some person other than the owner without the owner's consent and that the identity of the person cannot be ascertained; ...."
That neither § 243H nor any of the cases construing the *605 statute require physical contact between the vehicles is conceded by State Farm. See, e.g., Kres v. Maryland Auto. Ins. Fund, 273 Md. 289, 329 A.2d 44 (1974); Weber v. Unsat. C. & J. Fund Bd., 261 Md. 457, 276 A.2d 86 (1971). It contends, however, that the terms and conditions of its uninsured motorist endorsement, though different from, are not necessarily less than those of Art. 48A, § 243H and I. We find no merit in the argument.
Mindful of the remedial nature of the statutory plan, which dictates a liberal construction in order to effectuate its purpose of assuring recovery for innocent victims of motor vehicle accidents, Unsatisfied C. & J. Fund v. Hamilton, 256 Md. 56, 60, 259 A.2d 303 (1969); Allied American Co. v. Comm'r, 219 Md. 607, 611, 150 A.2d 421 (1959), we conclude that the "coverage" provided in the State Farm endorsement was clearly less than the "coverage" provided in § 243H. "Coverage" is a common insurance term; it has been defined as the "aggregate of risks covered by the terms of a contract of insurance." Webster's Third New International Dictionary 525 (1961). See, e.g., Traders State Bank v. Continental Insurance Co., 448 F.2d 280, 283 (10th Cir.1971); Ryan v. Cuna Mutual Insurance Society, 84 Wash.2d 612, 529 P.2d 7, 9 (1974); D'Angelo v. Cornell Paperboard Products Co., 59 Wisc.2d 46, 207 N.W.2d 846, 849 (1973). The aggregate of risks against which the State Farm endorsement insures is "less than" the aggregate against which MAIF provides protection under § 243H, since the former does not insure against the non-impact phantom driver who causes an accident, while the latter does. Therefore, State Farm's limitation of coverage to instances of physical impact between the insured and the phantom vehicle plainly violates the legislative mandate of § 541 (c) and is void.
State Farm contends that approval of the endorsement by the Insurance Commissioner, who is charged with enforcing the insurance statutes, indicates that it does not violate § 541 (c). While it is true that the construction placed upon a statute by administrative officials soon after its enactment should not be disregarded except for the strongest and most *606 cogent reasons, it is also true that an administrative interpretation contrary to the clear and unambiguous meaning of the statute will not be given effect. Scoville Serv., Inc. v. Comptroller, 269 Md. 390, 396, 306 A.2d 534 (1973); Comptroller v. Rockhill, Inc., 205 Md. 226, 233, 107 A.2d 93 (1954). The approval of the State Farm endorsement by the Insurance Commissioner is hardly persuasive where, as here, the endorsement so clearly limits coverage in violation of a statute.
Judgment affirmed; costs to be paid by appellant.
NOTES
[1] MAIF was created by chapter 73 of the Acts of 1972; it succeeded the Unsatisfied Claim and Judgment Fund in its role of protecting innocent persons injured by uninsured or improperly insured motorists. See Article 48A, §§ 243G through 243L.
[2] The uninsured motorist coverage was made mandatory by chapter 562 of the Acts of 1975.