Ark Kee LEE and Olivia Lee,
Appellants,

v.

Marlene C. WHEELER, et al.

No. 86–5339.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 10, 1986.

Decided Oct. 13, 1987.

Thomas A. Gentile, with whom Harry W. Goldberg, Bethesda, Md., was, on the brief, for appellants.

Joseph Patrick Clancy, with whom Richard L. Fritts, Bethesda, Md., was on the brief, for appellees.

Before BORK and STARR, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion Per Curiam.

PER CURIAM:

This case was argued before us on December 10, 1986. We issued an opinion, reported at 810 F.2d 303, on February 10, 1987 and certified a question of law to the Court of Appeals of Maryland. That court has graciously rendered its decision. Enlightened as to Maryland law by that court's helpful opinion, we are now able to dispose of the remaining issue on appeal.

This diversity case arises out of an automobile accident in the District of Columbia on April 27, 1980. Defendant Marlene Wheeler swerved to avoid an unidentified vehicle that had suddenly entered her traffic lane, and in so doing she collided with a vehicle driven by plaintiffs Ark and Olivia Lee.

The Lees filed suit against Wheeler and also joined their own insurer, Pennsylvania General Insurance Company (Pennsylvania General) seeking coverage under the policy's uninsured phantom motorist provisions. The Lees' policy with Pennsylvania General expressly required physical contact with the phantom vehicle in order for the provisions to apply. Pennsylvania General moved to dismiss, arguing that District of Columbia law applied and that the provision was enforceable. The District Court granted Pennsylvania General's motion.

On appeal, we concluded that Maryland law controlled. Although Maryland law held such provisions unenforceable when the accident occurred within Maryland, *see*

*State Farm v. Maryland Auto. Ins. Fund,* 277 Md. 602, 356 A.2d 560 (1976), we were unsure how the Maryland courts would rule when the accident took place outside the State. We therefore certified the following question to the Court of Appeals of Maryland:

> Under an automobile insurance policy covering Maryland insureds, is a provision in that policy requiring physical contact between the insureds' vehicle and the phantom vehicle lawful and enforceable under Maryland law where the accident occurs outside the State of Maryland?

*Lee v. Wheeler,* 810 F.2d at 306.

In answer to our certified question, the court held as follows:

> Pennsylvania [General]'s exclusion from uninsured motorist coverage when there is no contact between the phantom vehicle and the insured vehicle is unenforceable as against public policy whether the accident takes place within or without the State of Maryland.

*Lee v. Wheeler,* 310 Md. 233, 243, 528 A.2d 912 (1987).

The Court of Appeals explained that the statutory language upon which Pennsylvania General relied could not be interpreted to imply a territorial limitation when read against the broadly remedial nature of the statutory framework.

Accordingly, we hold that Pennsylvania General's exclusion is unenforceable and remand to the District Court for further proceedings consistent with this opinion.

*So ordered.*