IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| UNION PACIFIC CORP., | § | |
| | § | |
| Defendant Below, | § | No. 35, 2018 |
| Appellant/Cross-Appellee, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| CLEAN HARBORS, INC., | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee/Cross-Appellant. | § | |

Submitted: October 24, 2018
Decided: January 7, 2019

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices, constituting the Court *en Banc*.

## **O R D E R**

This 7th day of January, 2019, after careful consideration of the parties' briefs, the record on appeal, and the argument of counsel, it appears to the Court that:

(1)    Clean Harbors sued Union Pacific to enforce an indemnification provision in a stock purchase agreement under which Union Pacific agreed to hold Clean Harbors harmless for environmental liabilities related to a hazardous-waste facility in Wichita, Kansas.  At the core of the dispute was the reasonableness of Clean Harbors' cleanup of environmental contamination at the facility.

(2)    After a three-week jury trial, the Superior Court entered judgment against Union Pacific and in Clean Harbors' favor in the amount of $5,681,351.53

plus costs and interest. The amount of the judgment was based on the jury's finding—as recorded on a verdict form prepared by the trial judge—that the total reasonable cost of the environmental cleanup performed by Clean Harbors was $9,180,445.76. The reduced judgment amount was based on the Superior Court's calculation, the propriety of which was not contested.[1]

(3)    After trial, Clean Harbors moved for an award of fees and costs, which the Superior Court denied.

(4)    Union Pacific appealed on numerous grounds, including that the indemnification provision did not cover the cleanup costs. But the principal thrust of Union Pacific's objections to the proceedings below relate to the Superior Court's evidentiary rulings and jury instructions as exemplified by the aforementioned jury verdict form, which Union Pacific says was confusing and prejudicial.

(5)    Clean Harbors cross-appealed the Superior Court's denial of its motions for fees and costs.

(6)    We find no error in the Superior Court's determination on summary judgment that Clean Harbors' cleanup of the Wichita facility was a covered third-party claim,[2] but we do take this opportunity to address Union Pacific's claim that

---

[1] To reach the final judgment figure, the jury's verdict was reduced by $2,000,000 (indemnification deductible), multiplied by 80% (indemnification ratio), and reduced again by $64,005.08 (prior payment by Union Pacific). The Superior Court also awarded $272,184.08 in prejudgment interest.

[2] *Clean Harbors, Inc. v. Union Pac. Corp.*, 2017 WL 1175664 (Del. Super. Mar. 28, 2017).

2

the wording of the verdict form led the jury to return a figure incommensurate with Clean Harbors' contract damages.

(7) The verdict form asked the jury:

(1) whether Union Pacific breached the SPA;[3]
(2) whether Clean Harbors breached the SPA;
(3) what "the total reasonable cost of the environmental clean-up" was; and
(4) what amount would "fairly and reasonably compensate Union Pacific for Clean Harbors' breach of contract."

As mentioned, the Superior Court entered judgment in the favor of Clean Harbors with a damages figure based on the jury's response to Question 3.

(8) For its part, Union Pacific's proposed verdict form asked the jury, should it find that Union Pacific breached the contract, "[w]hat sum of money, if any, if paid now in cash, would fairly and reasonably compensate Clean Harbors for its damages, if any, that resulted from such breach of contract?"[4] In turn, Clean Harbors' proposed form would have required the jury to identify "the total dollar amount of expenses incurred addressing environmental liabilities covered by the indemnification provision of the SPA,"[5] and to perform the mathematical calculation described above in footnote 1. The Superior Court rejected both proposals in favor

---

[3] The jury verdict form also instructed the jurors to call the bailiff if they answered no to this first question.
[4] App. to Op. Br. A512.
[5] *Id.* at A672.

of its purportedly simplified version "to make the jury's task as clear as possible."[6]

Union Pacific believes, however, that the court's version—and especially Question 3—was "confusing and prejudicial."[7]

(9) Particularly, Union Pacific contends that, though it might have been obligated to indemnify Clean Harbors for the reasonable cost of a *reasonable* cleanup of any environmental harm that it caused, the jury instructions—and, more specifically, the Superior Court's verdict form—asked for and the jury awarded the cost of the *actual* cleanup. Union Pacific argues that the cleanup Clean Harbors *actually* conducted was unreasonably complex, costly, and intended to deal with environmental harms not caused by Union Pacific.

(10) This Court reviews *de novo* challenges to jury instructions,[8] which include verdict forms.[9] Jury instructions must be "reasonably informative and not misleading, judged by common practices and standards of verbal communication."[10] Instructions, however, need not be flawless, and a deficiency constitutes reversible error "only if it undermined the ability of the jury to intelligently perform its duty in returning a verdict."[11]

[6] *Clean Harbors v. Union Pac. Corp.*, 2017 WL 5606953, at *3 (Del. Super. Nov. 15, 2017).

[7] Op. Br. 22.

[8] *Sammons v. Doctors for Emergency Servs., P.A.*, 913 A.2d 519, 540 (Del. 2006).

[9] *See Sheehan v. Oblates of St. Francis de Sales*, 15 A.3d 1247, 1255 (Del. 2011).

[10] *Probst v. Delaware*, 547 A.29 114, 119 (Del. 1988) (internal quotations omitted).

[11] *Id.*

(11) Although a different verdict form may have more clearly indicated to the jury that they should return the total reasonable cost of *a reasonable* environmental clean-up, we do not think the verdict form as written was so deficient that reversible error resulted. This is especially so when the verdict form is considered with the jury instructions as a whole and the presentations of counsel throughout the trial including their opening statements and closing arguments. Particularly, the jury was instructed that "Clean Harbors had a contractual duty to mitigate the amount of money that Union Pacific had to pay"[12] and was repeatedly reminded by counsel—including by Clean Harbors' counsel—that Clean Harbors had to conduct a reasonable cleanup and that any cleanup subject to indemnification had to be performed before December 31, 2014.[13]

(12) In sum, we are satisfied that the verdict form did not mislead the jury or "undermine[] . . . [its] ability to intelligently perform its duty in returnin[g] a verdict."[14]

(13) Union Pacific also appeals the Superior Court's exclusion of certain expert testimony and the denial of its motion for a new trial. These issues are

---

[12] App. to Op. Br. A502.
[13] *See e.g.,* App. to Answering Br. B682, B691.
[14] *Newnam v. Swetland*, 338 A.2d 560, 562 (Del. 1975) (internal quotations omitted.)

5

committed to the sound discretion of the trial judge,[15] who resolved many such spirited disputes among the parties during this case. Union Pacific makes colorable arguments that these issues could have been resolved differently. But the trial court has broad discretion to resolve issues of these kinds, and we cannot conclude that its rulings exceeded those relaxed boundaries, much less that any ruling generated the significant prejudice required to justify a new trial.[16]

(14) Union Pacific also challenges the jury's verdict. We will uphold a jury's verdict "unless it is against the great weight of evidence."[17] Here, the Superior Court properly found that the jury's verdict is not against the great weight of evidence because Clean Harbors submitted documentary evidence and witness testimony, including expert testimony, that adequately supported the jury's judgment in its favor.[18]

---

[15] *See Cox v. Turner*, 663 A.2d 486, 1995 WL 379237, at *2 (Del. June 22, 1995) (TABLE) ("Any ruling concerning the admissibility of evidence implicates the sound discretion of the trial court and will be reversed only when a clear abuse of that discretion is demonstrated."); *Emershaw-Andrieux v. Biddle*, 2015 WL 1208374, at *2 (Del. Mar. 16, 2015).

[16] *See Green v. Alfred A.I. DuPont Inst. of Nemours Found.*, 759 A.2d 1060, 1063 (Del. 2000) ("The parties agree that this Court reviews for abuse of discretion both a trial court's evidentiary rulings and its denial of a motion for a new trial . . . . If the court finds error or abuse of discretion in the rulings, it must then determine whether the mistakes constituted 'significant prejudice so as to have denied the appellant a fair trial.'") (quoting *Eustice v. Rupert*, 460 A.2d 507, 510 (Del. 1983)).

[17] *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1979) (quoting *Cities Service Oil Co. v. Launey*, 403 F.2d 537, 540 (5th Cir. 1968)).

[18] *Clean Harbors, Inc. v. Union Pac. Corp.*, 2017 WL 5606953, at *2 (Del. Super. Nov. 15, 2017).

(15)   Finally, as to Clean Harbors' cross-appeal challenging the denial of fees and costs, we affirm.  The Superior Court correctly held that the indemnification provision in the stock purchase agreement does not entitle Clean Harbor to costs and fees,[19] and that the indemnification provision was importantly distinct from and more limited than the kind at issue in *Pike Creek Chiropractic Center, P.A. v. Robinson*[20] and *Delle Donne & Associates, LLP v. Millar Elevator Service Co.*[21]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[19] *See id.* at *5–9.
[20] 637 A.2d 418 (Del. 1994).
[21] 840 A.2d 1244 (Del. 2004).