## STEVEN A. LORD *v.* MARYLAND AUTOMOBILE INSURANCE FUND

[No. 327, September Term, 1977.]

*Decided December 29, 1977.*

The cause was argued before MENCHINE, MOORE and LISS, JJ.

*Daniel E. Schultz* and *Melinda Gray Murray* for appellant.

*Ransom J. Davis, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

Steven A. Lord (Lord), a non-resident of Maryland, incurred

medical and hospitalization expenses in the amount of approximately $18,000 as a result of an automobile accident in Louisville, Kentucky that occurred while he was driving an insured's automobile with her consent. The owner of the vehicle was the named insured under a policy of insurance issued by Maryland Automobile Insurance Fund (MAIF).

Lord sought payment of benefits from MAIF claiming entitlement by reason of Maryland Code Article 48A, § 539 that reads in pertinent part as follows:

"§ 539.

(a) No policy of motor vehicle liability insurance shall be issued, sold or delivered in this State after January 1, 1973, unless the policy also affords the minimum medical, hospital and disability benefits set forth herein; or unless equivalent medical, hospital, and disability benefits are provided by a policy issued to the insured by a nonprofit health service plan or by an authorized insurer with the policy in each case subject to approval by the Commissioner. The benefits, or their equivalent, shall cover the named insured and members of his family residing in his household (except such persons as may be specifically excluded in accordance with § 240C-1 of this article) injured in any motor vehicle accident (including an accident involving an uninsured motor vehicle or a motor vehicle whose identity cannot be ascertained), other persons injured while occupying the insured motor vehicle as a guest or passenger, or while using it with the express or implied permission of the named insured (except as provided in § 240C-1 of this article), and pedestrians injured in an accident in which the insured motor vehicle is involved or individuals injured in, on, or alighting from any other vehicle operated by animal or muscular power in an accident in which an insured vehicle is involved. The minimum medical, hospital and disability benefits shall include up to an amount of $2,500, for payment of all reasonable expenses

arising from the accident and incurred within three years from the date thereof for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services; and in the case of an income producer, payment of benefits for loss of income as the result of the accident; and where the person injured in the accident was not an income or wage producer at the time of the accident, payments of benefits must be made in reimbursement of necessary and reasonable expenses incurred for essential services ordinarily performed by the injured person for care and maintenance of the family or family household. The insurer providing loss of income benefits may require, as a condition of receiving such benefits that the injured person furnish the insurer reasonable medical proof of his injury causing loss of income."

MAIF denied Lord's claim upon the ground that it was excluded by the following provision of the insurance contract:

"THIS POLICY DOES NOT APPLY:

. . . .

(u) under Division 1 of Coverage C.[1] to any person other than the Named Insured or a member of his family who is a resident of the same household if the accident occurs outside of Maryland."

---

1. Division 1 of Coverage C reads as follows:

"Coverage C — Economic Loss
To pay:
　　Division 1. To or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from the automobile, or to each person who sustains such injury, sickness, or disease while a pedestrian as the result of an accident in which the automobile is involved, provided the automobile is being used by the Named Insured or his spouse if a resident of the same household, or with the permission of either, or by a member of the family of the named insured if a resident of the same household."

Lord instituted suit against MAIF in the Circuit Court for Prince George's County. In due course Lord's motion for summary judgment was denied. Thereafter, even though MAIF had not filed a cross-motion for summary judgment, the trial court rendered summary judgment for it pursuant to Maryland Rule 610 d. 1.

The respective positions of Lord and MAIF are thus succinctly stated in their briefs:

(Lord)

> "Plaintiff's right to recover medical benefits up to $2500 is controlled by the statute establishing MAIF and the minimum standards for insurance policies and cannot be denied based on a territorial exclusion in the policy."

(MAIF)

> "The exclusion contained in Paragraph (u) of the 'Exclusions' Section of MAIF'S policy is consistent with Maryland Law as to the required content of a policy of motor vehicle liability insurance issued in this State."

It is quite plain that any provision of an automobile liability insurance policy that is in conflict with the requirements of a statute is illegal and ineffective. *Casualty Co. v. Hinds,* 180 Md. 676, 679, 26 A. 2d 761, 762 (1942); *Peninsula Insurance v. Houser,* 248 Md. 714, 721, 238 A. 2d 95, 99 (1968).

It is equally plain that policy provisions narrowing the insurer's liability in a manner not inconsistent with statutory requirements is valid and permissible. *Amalgamated Ins. v. Helms,* 239 Md. 529, 539, 212 A. 2d 311, 318 (1965); *Malisfski v. Indemnity Ins. Co. of North America,* 135 F. 2d 910, 914 (4th Cir. 1943).

In *Malisfski, supra,* the Court rejected a contention that provisions of the prior Maryland financial responsibility law nullified an exclusion exception to an omnibus coverage clause of an insurance contract.

In Couch on Insurance 2d § 37:803 (1961), it is said:

"§ 37:803. *Provisions relating to place or area of use.*

Insurers commonly restrict the coverage of policies on vehicles to use within a specified area, either requiring that all use be within that area or more commonly that the regular or frequent use be within that area. Such restrictions as to area of use are not conditions.

Territorial use limitations are valid."

There is no statute imposing more extensive coverage requirements for policies issued by MAIF than those imposed by law upon private insurance carriers. Indeed, a reading of the coverage statutes makes plain that the requirements for both are identical.

The statute imposing policy requirements upon private insurance carriers is codified as Md. Transp. Code Ann. § 17-103 and reads as follows:

"§ 17-103.

(a) *Required form.* — (1) Except as provided in paragraph (2) of this subsection, the form of security required under this subtitle is a vehicle liability insurance policy written by an insurer authorized to write these policies in this State.

(2) The Administration may accept another form of security in place of a vehicle liability insurance policy if it finds that the other form of security adequately provides the benefits required by subsection (b) of this section.

(b) *Required minimum benefits.* — The security required under this subtitle shall provide for at least:

(1) The payment of claims for bodily injury or death arising from an accident of up to $20,000 for any one person and up to $40,000 for any two or more persons, in addition to interest and costs;

(2) The payment of claims for property of others damaged or destroyed in an accident of up to $5,000, in addition to interest and costs;

(3) *The benefits required under Article 48A, § 539 of the Code as to basic required primary coverage;* and

(4) *The benefits required under Article 48A, § 541 of the Code as to required additional coverage.* " (Emphasis added.)

Statutory policy requirements for MAIF include, *inter alia,* Annotated Code of Maryland Article 48A, § 541 (1972 Repl. Vol., 1973 Cum. Supp.) that in pertinent part reads as follows:

"§ 541.

(a) *Minimum liability coverage required by Article 66½, § 7-101. — Nothing in this subtitle shall be deemed to affect or limit the provisions of § 7-101 of Article 66½ of the Annotated Code of Maryland (1970 Replacement Volume and 1972 Supplement),*[2] and every policy of motor vehicle liability insurance issued, sold, or delivered in this State shall provide the minimum liability coverage specified therein." (Emphasis added.)

We discern in the above statutes no legislative intent to bar any insurer from imposing a contractual territorial limitation which excludes non-residents [3] of the State of Maryland.

---

2. Now codified as Md. Transp. Code Ann. § 17-103, *supra.*

3. The Insurance Commissioner of Maryland on March 4, 1974, after a hearing conducted on September 25, 1973 to consider the permissible limits of policy exclusions relating to Economic Loss Coverage (Personal Injury Protection), passed a Notice and Order that included the following:

"2. The filed forms generally eliminate coverage for guest passengers or pedestrians involved in out-of-State accidents. The effect of the broad wording of the exclusion would be to deny *Maryland* residents coverage if they are guest passengers or if they are pedestrians in another state and struck by a Maryland registered vehicle.

It is therefore ordered that the limitations shall be amended to provide coverage for Maryland residents in out-of-State accidents."

We do not pass upon the validity of that order. Our decision in the subject case has been influenced in no way by its passage.

*Dunn v. Traders & General Ins. Co.,* 287 S.W.2d 682 (Tex. Civ. App. 1956).

In the absence of such legislative intent, we find the language of *Empire Fire and Marine Insurance Co. v. Brake,* 472 S.W.2d 18 (K.C. Ct. of App. Mo. 1971) to be persuasive here. There, the contention was made that exclusions were void as against public policy. In rejecting the contention the Court said at 24:

> "We are cited to no other statute declaring the policy of this State to require the striking down of such an exclusionary clause. We are invited to judicially formulate such a policy by the argument of appellant."

The Court declined to do so in the absence of a legislative declaration of public policy.

We find no statutory bar to incorporation of exclusion (u), *supra,* in the MAIF policy. We decline to declare judicially that public policy considerations invalidate the exclusion provision.

Under the undisputed facts, MAIF was not liable to Lord by reason of exclusion (u). Summary judgment in favor of MAIF was properly granted.

*Judgment affirmed.*
*Appellant to pay the costs.*