PENNSYLVANIA NATIONAL MUTUAL CASUALTY
INSURANCE COMPANY *v.* DORIS M.
GARTELMAN ET AL.

[No. 102, September Term, 1979.]

*Decided July 7, 1980.*

The cause was argued before SMITH, DIGGES, COLE, DAVIDSON and RODOWSKY, JJ.

*M. Natalie McSherry,* with whom were *Louis G. Close, Jr.,* and *Whiteford, Taylor, Preston, Trimble & Johnston* on the brief, for appellant.

*Lee Gordon,* with whom were *Gordon & Goodman, P.A.* on the brief, for Doris M. Gartelman, one of appellees. *Ronald*

*H. Jarashow,* with whom were *William A. Franch* and *Goldsborough, Franch & Collett* on the brief, for Maryland Automobile Insurance Fund, other appellee.

DAVIDSON, J., delivered the opinion of the Court.

This case concerns the interrelationship between Maryland insurance law and certain exclusions from coverage provided by motor vehicle liability policies.

The facts of this case are undisputed. One of the appellees, Doris M. Gartelman (claimant), was an insured motorist under a policy issued to her husband by the appellant, Pennsylvania National Mutual Casualty Insurance Company (insurer). On 13 July 1977, the claimant, while operating an uninsured moped [1] owned by her husband, was injured when she was forced off the road by an unidentified truck. The claimant sought benefits from the insurer under the insurance policy's personal injury protection (PIP) and uninsured motorist (UM) provisions. The insurer refused to pay because of exclusions contained in the policy.

On 21 February 1978, in the Circuit Court for Anne Arundel County, the claimant filed a petition for a declaratory judgment seeking a declaration that she was entitled to coverage under the policy, or, in the alternative, under the Act governing the Maryland Automobile Insurance Fund (MAIF). Md. Code (1957, 1979 Repl. Vol.), Art. 48A, §§ 243A-N. The trial court granted the claimant's and MAIF's motions for summary judgment, declared that the claimant was entitled to coverage under both the PIP and UM provisions of the policy, and entered judgment in favor of the claimant and MAIF. The insurer appealed to the Court of Special Appeals which affirmed. *Pennsylvania Nat'l Mutual Casualty Ins. Co. v. Gartelman,* 43 Md. App. 413, 405 A.2d 779 (1979). We granted a writ of certiorari. We too shall affirm.

---

1. Throughout this opinion, we are assuming without deciding that, under the insurance policy here involved, a moped is a "motor" or "highway" vehicle.

# I

## Personal Injury Protection Coverage

This case initially presents the question whether, under Art. 48A, § 539 and § 545, a motor vehicle liability policy may exclude from PIP coverage an insured who is injured while occupying an uninsured motor vehicle owned by a named insured.

In Maryland, there is an established legislative policy designed to make certain that those who own and operate motor vehicles in this State are financially responsible. Art. 48A, §§ 243A-N; §§ 538-547; Md. Code (1977 & 1979 Cum. Supp.), § 17-101 — § 17-107 of the Transportation Article. This legislative policy has the overall remedial purpose of protecting the public by assuring that operators and owners of motor vehicles are financially able to pay compensation for damages resulting from motor vehicle accidents. *See Rentals Unlimited, Inc. v. Administrator, Motor Vehicle Admin.,* 286 Md. 104, 110, 405 A.2d 744, 748-49 (1979); *Keystone Mutual Casualty Co. v. Hinds,* 180 Md. 676, 679, 26 A.2d 761, 762 (1942). To effectuate this legislative policy, the owner of a motor vehicle registered in Maryland is required to provide security, usually in the form of a vehicle liability insurance policy. §§ 17-103, 17-104 of the Transportation Article. Every such insurance policy must provide PIP coverage. Art. 48A, § 539. The primary purpose of this requirement is to assure financial compensation to victims of motor vehicle accidents without regard to the fault of a named insured or other persons entitled to PIP benefits. § 540.[2]

Section 539 provides in pertinent part:

"No policy of motor vehicle liability insurance shall be issued, sold or delivered . . . unless the policy also

---

2. § 540 provides in pertinent part:

"The benefits required under § 539 of this article shall be payable *without regard to the fault or nonfault* of the named insured or the recipient in causing or contributing to the accident. . . ." (Emphasis added.)

affords the minimum medical, hospital and disability benefits set forth herein. . . . The benefits, or their equivalent, shall cover the named insured and members of his family residing in his household. . . ."

Section 545 expressly provides for certain exclusions from this requirement. It states:

"The coverages prescribed under § 539 of this article may exclude from benefits thereunder any person otherwise insured under the policy who:

(a) Intentionally causes the accident resulting in the injury, or

(b) Is injured while operating or voluntarily riding in a vehicle known by him to be stolen, or

(c) Is injured while in the commission of a felony or while in violation of § 21-904 of the Transportation Article.

(d) With respect to motorcycles, economic loss benefits required under § 539 may be excluded, or may be offered with deductibles, options or with specific exclusions."

Here the policy under which the claimant was insured provided the required PIP coverage. However, with respect to exclusions, it provided in pertinent part:

"This insurance does not apply

. . .

(c) to bodily injury sustained by the named insured or any relative while occupying . . . any motor vehicle owned by the named insured . . . which is not an insured motor vehicle."

The insurer contends that the insurance policy's exclusion of an insured injured while occupying an uninsured motor vehicle owned by a named insured is nothing more than a "narrowing [of] the insurer's liability in a manner not inconsistent with statutory requirements." It asserts that there is "no statutory bar or evidence of intent to preclude

such an exclusion." The insurer concludes that its exclusion does not conflict with the statutory requirements and is valid.

The claimant contends that the exclusion is invalid. She points out that although the statute provides for certain exclusions, it does not provide for excluding an insured occupying an uninsured motor vehicle owned by a named insured. Accordingly, she concludes that the policy does not provide the coverage required by § 539.

The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature. *Department of State Planning v. Mayor of Hagerstown,* 288 Md. 9, 14, 415 A.2d 296, 299 (1980). Where a statute expressly provides for certain exclusions, other should not be inserted. *Coleman v. State,* 281 Md. 538, 546, 380 A.2d 49, 54 (1977); *State Ins. Comm'r v. Nationwide Mutual Ins. Co.,* 241 Md. 108, 117, 215 A.2d 749, 754-55 (1966). Any provision of an automobile liability insurance policy which conflicts with the requirements of the statute regulating such policies is invalid. *Peninsula Ins. Co. v. Houser,* 248 Md. 714, 721, 238 A.2d 95, 99 (1968); *Keystone Mutual,* 180 Md. at 679, 26 A.2d at 762; *Lord v. Maryland Automobile Ins. Fund,* 38 Md. App. 374, 377, 381 A.2d 23, 25 (1977).

Applying these principles to the instant case produces a clear result. Section 545 expressly provides for only four exclusions from the required PIP coverage. It does not expressly provide an exclusion for an insured occupying an uninsured motor vehicle owned by a named insured. We decline to insert such an exclusion which would be contrary to the remedial legislative purpose of assuring compensation for damages to victims of motor vehicle accidents without regard to fault.

The insurance policy in this case, because it provides an exclusion for an insured occupying an uninsured motor vehicle owned by a named insured, denies PIP coverage to a class of persons who are required by § 539 to be covered. The policy's exclusion, therefore, conflicts with the statute and is

invalid. Accordingly, the claimant is entitled to coverage under the policy's PIP provision.

## II

### Uninsured Motorist Coverage

The second question presented is whether, under Art. 48A, §§ 541 (c) and 243H (a) (1) (i), a motor vehicle liability policy may exclude from UM coverage an insured who is injured while occupying an uninsured highway vehicle owned by an insured other than himself.

In Maryland, in addition to PIP coverage, every motor vehicle liability insurance policy must provide UM coverage. § 541 (c). The primary purpose of this requirement is to assure financial compensation to the innocent victims of motor vehicle accidents who are unable to recover from financially irresponsible uninsured motorists. *State Farm Mutual Automobile Ins. Co. v. Maryland Automobile Ins. Fund,* 277 Md. 602, 605, 356 A.2d 560, 562 (1976); *Allied American Mutual Fire Ins. Co. v. Commissioner of Motor Vehicles,* 219 Md. 607, 611, 150 A.2d 421, 424 (1959).

Section 541(c) provides in pertinent part:

"[E]very policy of motor vehicle liability insurance ... shall contain coverage ... for damages which the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance, or use of such uninsured motor vehicle. The coverage required under this subsection (c) shall be in such form and subject to such conditions as may be approved by the Commissioner of Insurance.

. . .

"In no case shall the uninsured motorist coverage be less than the coverage afforded a qualified person under Article 48A §§ 243H and 243-I."

Section 243H (a) delineates the types of claims which may be made against MAIF. More specifically, § 243H (a) (1) (i) expressly provides that such claims may be maintained provided that:

> "The claimant was not, at the time of the accident, operating or riding in an uninsured motor vehicle *owned by him* and is not the personal representative of the person so operating or riding in such a vehicle." (Emphasis added.)

Thus the statute expressly excludes from coverage a claimant who is operating an uninsured motor vehicle which he himself owns. The primary purpose of this exclusion is to encourage owners of uninsured motor vehicles to become insured. *Unsatisfied Claim & Judgment Fund of Md. v. Hamilton,* 256 Md. 56, 60, 259 A.2d 303, 305 (1969).

Here the insurance policy under which the claimant was insured provided the required UM coverage. However, with regard to exclusions, it provided in pertinent part:

> "This insurance does not apply
>
>  . . .
>
> (b) to bodily injury to an insured while occupying a highway vehicle (other than an insured highway vehicle) *owned by the named insured* any designated insured or any relative resident in the same household as the named or designated insured." (Emphasis added.)

The insurer contends that this exclusion, approved by the Commissioner of Insurance, is, in effect, identical to that contained in § 243H (a) (1) (i). It maintains that § 243H (a) (1) (i) must be construed to deny coverage, not only to an insured operating an uninsured motor vehicle which he himself owns, but also to all other persons insured under the policy when operating an uninsured motor vehicle owned by an insured other than himself. It points out that unless the statute is so construed, an insured could own several motor vehicles, insure only one, and nevertheless obtain UM coverage under the policy for other insureds, even when they

are operating one of the uninsured motor vehicles. Under such circumstances, the insurer would be unable to ascertain the risk which it was undertaking because it would not know the number of vehicles to be covered. The insurer asserts that the Legislature could not have intended such an anomalous result. It concludes that when § 243H (a) (1) (i) is construed to exclude an insured operating an uninsured motor vehicle owned by an insured other than himself, the insurance policy's "UM coverage is identical to that afforded a qualified person under § 243H and is in conformance with § 541."

The claimant contends that the insurance policy's exclusion is invalid. She points out that although the statute permits the exclusion of a claimant operating an uninsured motor vehicle which he himself owns, it does not provide for excluding a claimant operating an uninsured motor vehicle owned by an insured other than himself. Accordingly, she concludes that the policy does not provide the coverage required by § 541(c).

An additional rule of statutory construction applicable here is that in ascertaining and effectuating the actual intent of the Legislature, a court must read the language of the statute in context and in relation to all of its provisions. Where statutory language is plain and unambiguous, and expresses a definite meaning consonant with the statute's purpose, courts must not insert or delete words to make a statute express an intention different from its clear meaning. *Department of State Planning,* 288 Md. at 15, 415 A.2d at 299. Moreover, Maryland's uninsured motorist statute is remedial in nature and should be liberally construed in order to promote its purpose of recovery for innocent victims of motor vehicle accidents. *State Farm,* 277 Md. at 605, 356 A.2d at 562.

Applying these principles to the instant case produces a clear result. Section 243H (a) (1) (i) expressly excludes from coverage a claimant operating an uninsured motor vehicle which he himself owns. No express exclusion is provided for a claimant operating an uninsured motor vehicle owned by an insured other than himself. Thus the plain and

unambiguous language of the statute establishes that only a claimant operating an uninsured motor vehicle which he himself owns can be excluded from UM coverage. The Insurance Commissioner's approval of the policy's exclusion is not persuasive because it is an administrative interpretation contrary to the clear and unambiguous meaning of the statute. *Comptroller of the Treasury v. John C. Louis Co.,* 285 Md. 527, 543, 404 A.2d 1045, 1055 (1979); *State Farm,* 277 Md. at 606, 356 A.2d at 562.

Our reading is consonant with the remedial legislative purpose of § 541 (c). That section is concerned with the protection of innocent victims of motor vehicle accidents rather than with the protection of insurance companies from allegedly unascertainable risks. The purpose of § 243H (a) (1) (i) is to encourage the owner of an uninsured motor vehicle to become insured by imposing upon him the penalty of exclusion from coverage for failure to obtain insurance. This purpose is not furthered by penalizing other insured persons who cannot obtain insurance for uninsured motor vehicles which they do not own. The exclusion of such other insured persons from UM coverage is contrary to the purpose of § 541 (c) which is to assure financial compensation to innocent victims of motor vehicle accidents who are unable to recover from financially irresponsible motorists.[3] Under these circumstances, we decline to insert words necessary to

---

3. The insurer's reliance on Unsatisfied Claim & Judgment Fund of Md. v. Hamilton, 256 Md. 56, 259 A.2d 303 (1969), to show that this Court has construed § 243H (a) (1) (i) as excluding from coverage persons other than those specifically denominated in the statute is misplaced. There, we interpreted the words "personal representative" appearing in § 243H (a) (1) (i) to include the widow and minor child of an insured who, at the time of the accident, was operating an uninsured motor vehicle owned by him. The question in that case was whether claimants who stood in the place of the owner of an uninsured motor vehicle were excluded from coverage. In holding that under the statute they were excluded, we stated that the decisive criterion for recovery was the status of the uninsured owner. We recognized that to permit a recovery by those standing in the owner's place under circumstances in which the owner himself could not recover, would produce an absurd and anomalous result.

In *Hamilton,* the question involved, in essence, the exclusion of a claimant operating an uninsured motor vehicle which he himself owned. It did not involve a question whether a claimant who was not the owner of an uninsured motor vehicle could be excluded, a matter which involves different policy considerations. *Hamilton* is therefore inapposite.

construe § 243H (a) (1) (i) as providing an exclusion for a claimant operating an uninsured motor vehicle owned by an insured other than himself.

The insurance policy in this case, because it provides an exclusion for an insured operating an uninsured motor vehicle owned by an insured other than himself, denies UM coverage to a class of persons who are required by § 541 (c) to be covered. The policy's exclusion is not identical to that provided by § 243H (a) (1) (i). Indeed, it is in conflict with the statute and is therefore invalid. Accordingly, the claimant is entitled to coverage under the policy's UM provision.[4]

> *Judgment affirmed.*
> *Costs to be paid by appellant.*

---

4. In view of our decision, we need not consider the insurer's contention that under the insurance policy the claimant was not entitled to recover because the moped she was operating was an uninsured motor or highway vehicle.