**William H. GRANT, Plaintiff**

v.

**Daniel A. ALLISON and Arthur Allison, Defendants.**

**Civ. A. No. R–85–1790.**

United States District Court,
D. Maryland.

Aug. 16, 1985.

---

Joseph A. Miklasz, Glen Burnie, Md., for plaintiff.

Robert A. Henley, Glen Burnie, Md., for defendants.

## MEMORANDUM

RAMSEY, District Judge.

Invoking the diversity jurisdiction of this Court, plaintiff brought this action to recover for personal injuries he allegedly sustained as a result of an automobile collision in Maryland on May 3, 1984. Plaintiff alleges that his vehicle was struck that day by an uninsured automobile operated by defendant Daniel Allison (hereinafter "the Driver"), and owned by defendant Arthur Allison ("the Owner").

Currently before the Court are the motions to dismiss (Papers No. 5 and 6) filed by the defendants on June 17, 1985. Plaintiff filed his opposition to defendants' motions (Paper No. 7) on June 26, 1985. Defendants have not filed reply memoranda within the time provided by local rule, and the motions are now ripe for decision without need for a hearing. See Local Rule 6 (D.Md.1985).

Plaintiff's complaint asserts three claims. In Count I, plaintiff alleges that defendant Driver negligently operated the motor vehicle which struck plaintiff's vehicle. Count II alleges gross negligence on the part of defendant Driver in operating the

vehicle with the actual or constructive knowledge that the vehicle was uninsured in contravention of state law. Count III asserts gross negligence on the part of defendant Owner in failing to obtain insurance on his vehicle and in allowing the vehicle to be operated on the roads of Maryland knowing that the vehicle was uninsured. Plaintiff seeks compensatory damages on all counts, and punitive damages based on the allegations in Counts II and III.

Defendants have separately moved to dismiss Counts II and III on the ground that the law does not recognize a cause of action by a person injured by an uninsured motor vehicle against the owner or operator of the vehicle for their failure to maintain the minimum automobile liability insurance coverage required by state law. Plaintiff concedes the lack of any decisional or statutory law creating such a cause of action, but argues that his reckless-failure-to-insure theory should be recognized as a expansion of the common law "grounded in traditional principles of tort law."[1]

The grant of a motion to dismiss pursuant to Rule 12(b)(6) is appropriate only when "... it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In ruling upon the pending motions to dismiss, this Court must view the complaint in the light most favorable to plaintiff and resolve every doubt in plaintiff's behalf. *See* Wright and Miller, *Federal Practice and Procedure:* § 1357 (1969) and cases cited therein. The plaintiff's allegations are to be taken as true for the purposes of ruling upon the motion. *See id.* and cases cited therein. *See also Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). Moreover, any inference that may reasonably be drawn or construed from plaintiff's complaint shall be considered together with the allegations of fact. *Murray v. City of Milford, Connecticut,* 380 F.2d 468, 470

---

1. Plaintiff's Answer to defendants' Motions to Dismiss.

(2d Cir.1967); *L.S. Good & Co. v. H. Daroff & Sons, Inc.*, 263 F.Supp. 635, 644 (N.D.W. Va.1967).

The Court is satisfied that defendants' motions present a narrow legal issue that may properly be decided upon a motion to dismiss pursuant to Rule 12(b)(6). The question for the Court is whether the courts of Maryland [2] would, after assuming the truth of plaintiff's factual allegations and inferences reasonably drawn therefrom, recognize the cause of action asserted in Counts II and III of plaintiff's complaint. This Court is confident that the courts of Maryland would answer that question in the negative.

As plaintiff apparently concedes, no court has recognized a common law right of an injured party to recover against an uninsured vehicle's owner or operator solely for their failure to maintain liability insurance. Stated another way, there is no common law duty to insure against one's potential liability in tort. Because the duty to maintain liability insurance arises, if at all, only from legislative prescription, it is to the statute that the Court must look to determine whether the legislature intended to create a private right enforceable by the plaintiff.

Several provisions of the Maryland Code address the issue of compensation for victims of automobile torts committed by uninsured motorists.[3] Title 17 of the Transportation Article concerns requirements for financial responsibility on the part of vehicle owners and operators. Md. Transportation Code Ann §§ 17–101 *et seq.* Evidence of a vehicle liability insurance policy or a comparable form of security [4] is a prerequisite to registration of a motor vehicle. Transportation § 17–104. If the required security terminates or lapses, the vehicle registration is automatically suspended and the owner is required to surrender evidences of registration and is subject to penalties. Transportation § 17–106. A person "who has knowledge that a motor vehicle is not covered by the required security" is forbidden to drive the vehicle or, if he is the owner, to "knowingly permit another person to drive it." Transportation § 17–107. The violation of this prohibition is a misdemeanor subjecting the violator to a fine of not more than $500. Transportation § 27–101.

In addition to the provisions in the Transportation Code requiring liability insurance on motor vehicles, the legislature has provided for innocent victims of uninsured motorists in several sections of the Insurance Code, Md.Code Ann. Art. 48A. Section 541(c) provides that that every vehicle liability insurance policy issued in Maryland include uninsured motorist coverage for damages which an insured would be able to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance, or use of the uninsured motor vehicle.[5] Art. 48A § 541(c)(2). The uninsured motorist coverage must be in amounts which are at least equal to the minimum amounts of liability insurance required by law. Art. 48A § 541(c)(2). The purpose of the uninsured motorist provision is that "each insured under such coverage have available the full statutory minimum to exactly the same extent as would have been available had the tortfeasor complied with the minimum requirements of the financial responsibility law." *Nationwide Mutual Ins. v. Webb*, 291 Md. 721, 737, 436 A.2d 465 (1981).

---

**2.** The parties and the Court agree that the substantive law of Maryland is applicable under familiar choice-of-law principles.

**3.** Maryland's statutory scheme with regard to automobile liability insurance was summarized by the Maryland Court of Appeals in *National Grange Mutual Insurance Co. v. Pinkney*, 284 Md. 694, 700–05, 399 A.2d 877 (1979).

**4.** See Md. Transportation Code Ann. §§ 17–101, 17–103.

**5.** The policy "may exclude from coverage benefits for named insured or members of his family residing in the household when occupying, or struck as a pedestrian by, an uninsured motor vehicle that is owned by the named insured or a member of his immediate family residing in his household." Md.Code Ann. Art. 48A § 541(c)(2) (1984 Cum.Supp.).

In addition to the uninsured motorist coverage requirements, provision has been made for innocent victims of uninsured motorists in Section 243H of the Insurance Code, which is a part of the subtitle creating the Maryland Automobile Insurance Fund (MAIF). Art. 48A §§ 243 *et seq.* A qualified victim whose claim is not covered by a vehicle insurance policy may make a claim against MAIF for personal injury or for property damage in excess of $100 which was caused by an uninsured operator.[6] Art. 48A § 243H(a)(3). A "qualified person" includes a resident of Maryland, the owner of a vehicle registered in Maryland, as well as residents of other states and countries "in which recourse is afforded to residents of [Maryland] of substantially similar character to that provided by [the MAIF subtitle]". Art. 48A § 243L(e).

As is clear from the above, Maryland has "an established legislative policy to make certain that those who own and operate motor vehicles in [the] State are financially responsible." *Pennsylvania National Mutual v. Gartelman*, 288 Md. 151, 154, 416 A.2d 734 (1980). The uninsured motorist and MAIF provisions serve the remedial purpose of recovery for innocent victims of motor vehicle accidents. *Id.* at 157–60, 416 A.2d 734. The exclusions from coverage contained in those statutory provisions[7] are designed to discourage the owners and operators of uninsured vehicles by excluding them from the remedial benefits because of their failure to obtain insurance. *Id.*

The Maryland statutory scheme for addressing the problem of compensation for victims of motor vehicle accidents is a comprehensive one. It provides sanctions and inducements for the enforcement of its prohibitions and prescriptions. It likewise provides specific remedies for the victims of financially irresponsible motor vehicle owners and operators. This Court finds nothing in the legislative scheme which supports plaintiff's contention that the legislature meant to imply an independent, private cause of action against financially irresponsible owners and operators. For the courts to create a heretofore unrecognized cause of action in the face of such a comprehensive and balanced statutory scheme would be to disregard traditional common law principles and to infringe upon the legislative prerogative. Believing that the courts of Maryland would decline such an invitation, this Court must reject plaintiff's contentions. Because Counts II and III of plaintiff's complaint do not state a claim for which relief can be granted, defendants' motions to dismiss will be granted.

6. Such a claim may be made against MAIF provided that:

(i) The claimant is not a spouse of the uninsured operator or the personal representative of such a spouse;

(ii) The claimant was not, at the time of the accident, operating or riding in an uninsured motor vehicle owned by him and is not the personal representative of a person who was operating or riding in such a vehicle;

(iii) The claimant was not, at the time of accident, operating a motor vehicle in violation of an order of suspension, cancellation, or revocation with respect to a certificate of registration or an operator's license, and is not the personal representative of a person so operating;

(iv) The claim is not being made for damage to or destruction of an uninsured motor vehicle owned wholly or partly by him.

(v) The claim is not made by or on behalf of any insurer by reason of the existence of a policy of insurance whereby the insurer is liable to pay, in whole or in part, the amount of the claim or by or on behalf of any insurer for any amount sought or claimed for damages to or destruction to the claimant's or an insured's real or personal property including automobiles by reason of collision with an automobile or object or by upset of the automobile, or by reason of coverage afforded the insured providing indemnification from injury or damages caused by uninsured motorist, and that no part of the amount to be paid out of the Fund is sought in lieu of making a claim or receiving a payment which is payable by reason of the existence of such a policy of insurance, and that no part of the amount so sought will be paid to an insurer to reimburse or otherwise indemnify the insurer in respect of any amount paid or payable by the insurer by reason of the existence of such a policy of insurance; and,

(vi) The claimant is ineligible to make a claim arising from the same accident under Subtitle 33 of this article, the Maryland Insurance Guaranty Association.
Md.Code Ann. Art 48A § 234H (1979 Replacement Volume and 1984 Cum.Supp.).

7. See footnotes 5 and 6, and Art. 48A § 243L.(e).