647 A.2d 1278

**RENTALS UNLIMITED, INC.**

v.

**AETNA CASUALTY & SURETY INSURANCE COMPANY.**

**No. 44, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Sept. 29, 1994.

Edward J. Brown (Charles E. Wilson, Jr. and McCarthy, Wilson & Ethridge, on the brief), Rockville, for appellant.

Timothy E. Howie (DeCaro, Doran, Sicilian, Gallagher, Sonntag & DeBlasis, on the brief), Lanham, for appellee.

Argued before ALPERT, FISCHER and MURPHY, JJ.

ALPERT, Judge.

Once again, we are asked to resolve a conflict concerning primary (automobile) insurance coverage. Appellant, Rentals Unlimited, Inc. ("Rentals") filed this appeal from a judgment rendered against it in favor of Aetna Casualty & Surety Insurance Company ("Aetna") in a declaratory judgment action in the Circuit Court for Montgomery County (Miller, J. & Turner, J.). As restated by us for clarity, appellant asks:

I.  Did the trial court err in declaring that Rentals possessed primary responsibility for providing insurance coverage for the underlying claims?

II. Did the trial court err, even assuming *arguendo* that Rentals was responsible for providing primary insurance coverage, in declaring that Rentals was responsible for the costs of defending the underlying claims and the costs of prosecuting the declaratory judgment action?

We answer both questions in the negative and, therefore, affirm.

## Facts and Proceedings

Rentals, a certified self-insured company, is in the business of renting trucks. On October 23, 1989, Brown Construction Co. ("Brown") entered into a truck rental agreement with Rentals for a period of less than 180 days. Brown was in possession of the truck rented through Rentals on December 6, 1989. The rental agreement included two clauses pertaining to insurance coverage for accident claims, providing:

## 8. CUSTOMER LIABILITY FOR THIRD PARTY CLAIMS

Customer is advised that the foregoing damage waivers apply only to claims that might otherwise be asserted by Dealer against Customer. Customer remains solely and exclusively liable to any third parties for any personal injury or property damage caused by the rental equipment, during the rental period. Customer is specifically advised that Customer should maintain his own liability insurance against personal injury or property damage claims.

## 9. CUSTOMERS DUTY'S [sic] TO NOTIFY DEALER; INSURANCE INFORMATION

Customer agrees to immediately and timely inform Dealer of all losses or damage, and provide Dealer the name of Customer's insurance company, name and address of Customer's insurance agent, a copy of the police report, and complete information concerning insurance coverage for said loss or damage. Providing Customer has applicable insurance coverage for said loss or damage, Customer shall exercise all rights available to Customer under insurance coverage, and Customer further agrees to assign claim and any and all proceeds from insurance coverage to Dealer.

Brown carried insurance through Aetna Casualty & Surety Insurance Company ("Aetna"). It was disputed whether the Aetna policy provided primary or excess coverage for rented vehicles.[1]

On December 6, 1989, Steven Neil Bettinger, an employee of Brown, was operating the Rentals truck during the scope of

---

1. The Aetna policy provided:
   5. OTHER INSURANCE
   a. For any covered 'auto' you own, this Coverage Form provides primary insurance. For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.
   c. Regardless of the provisions of paragraph a. above, this Coverage Form's Liability Coverage is primary for any liability assumed under an 'insured contract.'
   F. 'Insured contract' means:
   6. That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your employees, of any 'auto.'
   It is undisputed that a truck is considered an 'auto' under the policy.

his employment and was involved in an accident with Richard Ellis. Mr. Ellis filed suit in the Circuit Court for Montgomery County against Brown and Mr. Bettinger for personal injuries resulting from the accident. Mr. Ellis's insurance carrier, Allstate Insurance Co. ("Allstate"), filed suit against Brown and Mr. Bettinger in the District Court for Montgomery County, seeking compensation for property damage.

Aetna requested that Rentals defend and indemnify Brown and Mr. Bettinger in the suit arising from the accident with Mr. Ellis. Rentals, however, refused to do so. Aetna proceeded to defend and settle the claims. Aetna then filed the instant declaratory judgment action against Rentals, seeking a declaration that Rentals was primarily responsible for the liability insurance coverage for Brown and Mr. Bettinger in the underlying claims, reimbursement of the amounts paid in settlement, and the costs of defending the underlying claims and of prosecuting the declaratory judgment action. Aetna filed a Motion for Partial Summary Judgment, and Rentals filed a Cross–Motion for Summary Judgment.

Judge William C. Miller denied Rentals' motion and granted Aetna's motion. The Order declared that Rentals was obligated to provide primary insurance coverage to Brown and Mr. Bettinger with regard to the claims against Allstate and Mr. Ellis, and Rentals was legally obligated to reimburse Aetna for reasonable expenses and attorney's fees incurred in defense and settlement of the claims and in prosecution of the declaratory judgment action. The Order left open the issue of the reasonableness of the expenses and fees.

Aetna then moved for Summary Judgment on the issue of reasonableness. Judge William P. Turner granted the Summary Judgment motion and entered final judgment for Aetna for reimbursement of expenses and attorney's fees in defense of the claims against Mr. Ellis and against Allstate, the amount of settlement in each of those cases, and the reasonable expenses and attorney's fees incurred in prosecution of the declaratory judgment motion. This appeal followed.

## Discussion

### I.

Rentals contends that it is not responsible for providing primary coverage for the underlying claims against Brown and Mr. Bettinger for two reasons. First, Rentals argues that the "Other Insurance" clause in Aetna's insurance policy with Brown Construction Co. specifically provided primary responsibility for rented or leased autos. Second, Rentals points out that in its rental agreement with Brown, Brown expressly agreed that it would exercise its rights to coverage under its own insurance policy (the Aetna policy). Therefore, Rentals argues, the parties had contractually agreed that Aetna, Brown's insurer, would be responsible for providing primary insurance coverage in the event of any claims.

Appellee, Aetna, contends that under COMAR 11.18.01.05, Md.Code Ann., Transp. §§ 17–103 and 18–102, and the "Other Insurance" provision in the Aetna policy, Rentals had "the primary duty to indemnify Brown Construction and Mr. Bettinger with regard to the underlying lawsuits." COMAR 11.18.01.05, at the time of the accident [2] provided that:

> [s]elf-insurers who own and rent or lease motor vehicles . . . shall provide primary coverage to the owner, the lessee, and each person driving or using the vehicles with the permission of the owner or lessee, notwithstanding any provisions of the rental or lease agreement to the contrary. . . . Nothing in this chapter may preclude the self-insurer from requiring the lessee to provide security when the vehicle is leased for a period exceeding 180 consecutive days.

Md.Regs.Code Title 11, Subtitle 18, Chapter 01, Regulation .05 (Originally adopted effective Nov. 4, 1977; repealed effective Nov. 11, 1990, with its provisions concerning self-insurance for renting and leasing vehicles incorporated into regulations .01 and .04). Aetna contends that the "clear wording of COMAR 11.18.01.05 legally obligates Rentals to provide primary insur-

---

**2.** All regulations referred to in this opinion are those that were in effect at the time of the subject accident.

ance coverage to Mr. Bettinger and Brown Construction with regard to the claims brought against them in the underlying lawsuits."

Rentals counters that the COMAR provision is unenforceable because, in attempting to create priorities among insurance coverages, the provision disrupts the contractual relationship of the parties. Rentals contends that in enacting the provision, the Administration "exceeded its limited power to execute and implement the law, and instead has invaded the province of the General Assembly by attempting to create law." Citing several other jurisdictions [3] that have addressed the question of when an administrative body issues insurance regulations that exceed the breadth of their legislature's declared policy, Rentals then bases its argument for the invalidity of the COMAR regulation on policy grounds, asserting that "[t]he Department's regulations not only fail to implement the legislative goal, but instead act to disrupt pre-established agreements." Rentals does not dispute that the COMAR provision applies to the facts of this case, nor does it submit that the provision is ambiguous.

■ The issue before this court, therefore, is whether CO-MAR 11.18.01.05 is valid. The ordinary rule of interpretation of administrative regulations was explained in 1A J.G. Sutherland, Sutherland Stat.Constr. § 31.06, at 544 (5th ed. 1992): "In determining whether a particular regulation is beyond the power granted to an administrative agency, the court must not only interpret the statute to determine the powers conferred but also the regulation to determine whether its provisions comply with the statute." Thus, in order to determine the validity of the COMAR provision, we must look to the authority for its adoption, its purpose and its compliance with that purpose, and prior interpretation of the regulation, if any.

■ The Motor Vehicle Administration ("Administration") is authorized to adopt rules and regulations under Md.Code Ann., Transp. § 12–104, which provides:

---

**3.** Appellant cites cases from Colorado, Pennsylvania, and Utah.

(a) In general.—In addition to the specific powers granted and duties imposed by this title, the Administration has the powers and duties set forth in this section.

(b) Rules and regulations.—The Administration may adopt rules and regulations to carry out:

(1) Those provisions of the Maryland Vehicle Law that relate to or are administered and enforced by the Administration.

The Maryland Vehicle Law referred to in § 12–104(b)(1) includes statutes such as section 17–103 (requiring a specific form and minimum benefits of security for vehicle liability insurance policies) and section 18–102 (requiring that no motor vehicle may be rented until the owner certifies that security exists for the vehicle in the same form and providing the minimum benefits required under Title 17 of the article). The purpose behind adopting motor vehicle regulations that require insurance on vehicles is to promote the established legislative policy in Maryland that seeks to assure that victims of automobile accidents have a guaranteed avenue of financial redress. *See Pa. Nat. Mut. Casualty Ins. Co. v. Gartelman,* 288 Md. 151, 154, 416 A.2d 734 (1980).

In accordance with that legislative purpose, COMAR 11.18.01.05 was adopted in order to place additional requirements on self-insurers who rent vehicles. The COMAR provision is a regulation that pertains to the Maryland Vehicle Law, specifically sections 17–103 and 18–102. The regulation certainly serves to advance the policy goals of the legislature. Thus, under section 12–104(b), the Administration had the power to adopt such a regulation.

While there is no interpretation of COMAR 11.18.01.05 in Maryland case law, the wording of the regulation is unambiguous as to its requirements. The Court of Appeals held in *Insurance Comm'r v. Bankers Independent Ins. Co.,* 326 Md. 617, 606 A.2d 1072 (1991), that the "cardinal rule of statutory construction," that is, to "ascribe to the words of the statute their natural and ordinary meaning," was also applicable to a COMAR regulation. *Id.* at 623, 606 A.2d 1072 (citing *Md.*

*Port Adm. v. Brawner Contracting Co.*, 303 Md. 44, 60, 492 A.2d 281 (1985)). Further, the Court explained that "it is axiomatic that an administrative regulation must be consistent with the letter and policy of the statute under which the administrative agency acts." *Id.* (citing *Falik v. Prince George's Hosp.*, 322 Md. 409, 417, 588 A.2d 324 (1991)).

COMAR 11.18.01.05 comports with the legislature's objective of providing an avenue of redress for victims of accidents, is unambiguous, and was adopted pursuant to authority granted the Administration in section 12–104(b). Therefore, contrary to Rentals's assertion, there is no justification for declaring that the Administration exceeded its legislative authority in enacting COMAR 11.18.01.05.

■ Rentals was a self-insurer that rented and leased motor vehicles. COMAR 11.18.01.05 requires that "[s]elf-insurers who own and rent or lease motor vehicles . . . shall provide primary coverage to the owner, the lessee, and each person driving or using the vehicles with the permission of the owner or lessee, notwithstanding any provisions of the rental or lease agreement to the contrary." Therefore, the trial court properly found that Rentals was required to provide primary coverage to Brown and Mr. Bettinger in the underlying suits against them.

Rentals argues additionally that since the "Other Insurance" clause in the policy between Aetna and Brown provided primary coverage to Brown and Mr. Bettinger, Rentals should not be liable for primary coverage. Aetna counters that the "Other Insurance" clause in its policy with Brown clearly provides excess coverage only. The "Other Insurance" clause in Aetna's policy provides for excess coverage for any covered auto not owned by the policyholder. That clause, however, goes on to provide primary coverage for any liability assumed under an 'insured contract,' and Aetna concedes that the contract by which Brown rented the truck from Rentals was an "insured contract." Aetna argues instead that the liability resulting from the car accident "was *not* liability assumed under an 'insured contract.' "

Whether the policy between Aetna and Brown Construction provided for primary or excess coverage is an issue that need not be decided by this court.[4] We have already determined that COMAR 11.18.01.05 is a valid regulation. The regulation provides that Rentals is liable for primary coverage, "notwithstanding any provisions of the rental or lease agreement to the contrary." In order to invoke Aetna's policy with Brown, Rentals seeks to rely on the provision in its rental agreement with Brown that requires that "[c]ustomer should maintain his own liability insurance against personal injury or property damage claims." That clause in the rental agreement is of no consequence in light of COMAR 11.18.01.05, however, and Rentals's reliance upon it is unavailing. Therefore, the trial court properly found that Rentals, and not Aetna, was obligated to provide primary insurance coverage to Brown and Mr. Bettinger with regard to the underlying claims against Mr. Ellis and Allstate.

## II.

Rentals argues that, assuming *arguendo* that it was responsible for providing primary insurance coverage, it was still not obligated to defend its lessee or pay the costs of prosecuting the declaratory judgment action against it. Because there was no contractual agreement explicitly providing such a defense, Rentals contends that it incurred no obligation to defend a claim against Brown Construction. Further, Rentals submits that "the initial dispute between Rentals Unlimited, Inc. and the ensuing lawsuit, arose from a legitimate, important dispute between two insurers, which resulted from a good

---

4. The coverage provided by Aetna's policy for this rented vehicle is difficult to ascertain due to the circularity of the "Other Insurance" clause and the fact that Aetna's argument is difficult to understand. A plain reading of the "Other Insurance" clause seems to indicate that Aetna *is* providing primary coverage for the rented truck. This is a perfect example of why COMAR 11.18.01.05 was adopted—to prevent insurance companies from trying to pass off liability to others by placing circuitous and ambiguous clauses in their contracts.

faith challenge to the enforceability of an administrative regulation which attempts to create new law."

Aetna, on the other hand, argues that Rentals wrongfully denied its duty to defend in the underlying suits and must reimburse it for the costs and attorney's fees expended in the defense. Aetna asserts that attorney's fees incurred in prosecuting the declaratory judgment action should be awarded to it as well.

This court held in *Travelers Indem. Co. v. Insurance Co. of North America,* 69 Md.App. 664, 679, 519 A.2d 760 (1987), that "one insurance carrier having a duty to defend which denies that duty must reimburse costs and attorney's fees to another insurer that steps in to provide a defense." That case also held that "the package of rights to which a defending insurer is subrogated includes the insured's right to recover the cost of prosecuting a declaratory action against an insurer declared to have wrongfully refused to provide a defense." *Id.* at 680, 519 A.2d 760. Reasonable expenses, including costs and attorney's fees incurred in defending the underlying suit and in prosecuting the declaratory judgment action were awarded in that case. *Id.* at 681, 519 A.2d 760.

In addition, in *Nolt v. United States Fidelity & Guaranty Co. ("USF & G"),* 329 Md. 52, 66, 617 A.2d 578 (1993), the Court of Appeals noted:

[t]he rule in this State is firmly established that when an insured must resort to litigation to enforce its liability insurer's contractual duty to provide coverage for its potential liability to injured third persons, the insured is entitled to a recovery of the attorneys' fees and expenses incurred in that litigation.

The *Nolt* Court cited *Continental Casualty Co. v. Bd. of Educ.,* 302 Md. 516, 537, 489 A.2d 536 (1985):

[T]his Court has sustained the award of counsel fees incurred by an insured in litigation with an insurer where the issue was whether the insurer was obligated to defend the insured against a claim asserted by a third party and where the insurer unsuccessfully maintained that it was not so obliged.

*Nolt,* 329 Md. at 67, 617 A.2d 578. The Court then held that USF & G was *unjustified* in failing to provide coverage. *Id.* at 67, 617 A.2d 578. Accordingly, attorney's fees and expenses were awarded.

In the instant case, Rentals refused to defend Brown and Mr. Bettinger in the underlying suits despite having the duty to provide primary coverage. Rentals's refusal was unjustified because COMAR 11.18.01.05 clearly placed primary responsibility for insurance coverage on Rentals. The regulation specifically provided that coverage was required "notwithstanding any provisions of the rental or lease agreement to the contrary." Rentals was aware of the regulation and its duty to provide primary coverage under it. Because Rentals refused to defend, Aetna stepped in to defend and settle. Under the case law cited above, the trial court properly found that Rentals was legally obligated to reimburse Aetna's expenses and attorney's fees incurred in defending the underlying claims and in prosecuting the declaratory judgment motion due to Rentals's unjustified refusal to defend the underlying claims.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.