840 A.2d 156

**Crystal CRESPO**

v.

**Robert TOPI, et al.**

**No. 2200, Sept. Term, 2002.**

Court of Special Appeals of Maryland.

Dec. 29, 2003.

392

Brian Bennett (Law Offices of Terziu & Bennett, on the brief), Baltimore, for Appellant.

George H. Falter, III (Allstate Insurance Company, on the brief), Baltimore, for Appellee.

Panel SALMON, KENNEY and CHARLES E. MOYLAN, JR., (Retired, specially assigned), JJ.

KENNEY, J.

Crystal Crespo ("Crespo") appeals from an order of the Circuit Court for Baltimore County, dismissing one count of her complaint for failure to state a claim. On appeal, Crespo asks one question that we have reworded:

> Did the circuit err as a matter of law in determining that a moped is not a motor vehicle under Md.Code (1995, 2002 Repl.Vol.), § 19–509 of the Insurance Article ("Ins.")?

Answering "no," we affirm the judgment of the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND

Crespo was a passenger on a moped operated by Robert Topi ("Topi"). According to the complaint, Topi "ran a stop sign and entered the intersection into the path" of a motor vehicle operated by Paul Joseph Chaney, "causing Chaney's

vehicle to strike the moped." Crespo suffered physical injuries when she was thrown from the moped.

In January 2002, Crespo filed a two count complaint, naming as defendants, Topi and Allstate Insurance Company ("Allstate"). In the first count, she sought damages for injuries sustained as a result of Topi's negligence. In the count at issue ("Count II"), Crespo sought damages from Allstate for breach of contract, averring:

15. [Crespo] ... states that at the time of the said collision, Defendant Topi did not have in effect any policy of vehicular insurance that would provide liability coverage for the vehicle operated by Defendant Topi.

16. At all times relevant hereto, [Crespo's] mother, Pat Vanover, maintained a policy of automobile liability insurance covering her motor vehicle(s), which insurance policy was purchased from the Defendant, Allstate. . . . This policy of insurance included the statutorily mandated coverage insuring [Crespo] against damages to [Crespo's] person and property caused by the acts or omissions of an uninsured motorist.

17. Crespo duly made a claim against the applicable provisions of the policy of insurance provided by the Defendant, Allstate ..., for the personal injuries sustained by her that were proximately caused by the negligence of the uninsured Defendant, Topi. [Crespo's] claim notwithstanding, coverage was wrongfully denied her by the Defendant, Allstate. . . . Said denial constituted a breach of its obligations to [Crespo] under the policy of insurance.

Allstate moved to dismiss Count II, arguing that Crespo was not entitled to uninsured motorist coverage because a moped is not a "motor vehicle" under Ins. § 19–509. Allstate relied upon Md.Code (1977, 2002 Repl.Vol.), § 11–134.1 of the Transportation Article ("Transportation"), which defines a moped, in pertinent part, as a "bicycle that: (1) Is designed to be operated by *human power* with the assistance of a motor." (Emphasis supplied.) Because Ins. § 19–501(b)(1) defines a motor vehicle as a "vehicle ... that is operated or designed

for operation ... by any power other than ... *muscular power,*" Allstate contended that a moped is not a motor vehicle. Following a hearing, the circuit court dismissed Count II for failure to state a claim.

In July 2002, Crespo filed an amended complaint, adding Wardell Jones, Jr. ("Jones") as a defendant. Crespo alleged that Jones, the owner of the moped, had negligently entrusted it to Topi. After entering orders of default against Topi and Jones, the circuit court conducted an inquisition hearing and entered judgments against Topi and Jones, jointly and severally, in the amount of $15,638.78. This timely appeal followed.

## DISCUSSION

In Maryland, every motor vehicle liability insurance policy must provide uninsured motorist coverage for the "protection of the motoring public." [1] *Langston v. Allstate Ins. Co.*, 40 Md.App. 414, 436, 392 A.2d 561 (1978); Ins. § 19–509. The purpose of the legislation "is to assure financial compensation to the innocent victims of motor vehicle accidents who are unable to recover from financially irresponsible uninsured motorists." *Wright v. Allstate Ins. Co.*, 128 Md.App. 694, 699, 740 A.2d 50 (1999). The legislation is remedial in nature and should be liberally construed in order to "effectuate its purpose of assuring recovery for innocent victims of motor vehicle accidents." *State Farm Mut. Auto. Ins. Co. v. Maryland Auto. Ins. Fund,* 277 Md. 602, 605, 356 A.2d 560 (1976).

Under Ins. § 19–509, an "uninsured motor vehicle" is a motor vehicle,

(1) the ownership, maintenance, or use of which has resulted in the bodily injury or death of an insured; and

---

1. A copy of the insurance policy in this case was not included in the record. At oral argument, Crespo's attorney stated that the policy "is not more expansive ... track[ing] the statutory language" contained in the Insurance Article.

(2) for which the sum of the limits of liability under all valid and collectible liability insurance policies, bonds, and securities applicable to bodily injury or death:

(i) is less than the amount of coverage provided under this section; or

(ii) has been reduced by payment to other persons of claims arising from the same occurrence to an amount less than the amount of coverage provided under this section.

A "motor vehicle" is defined in the Insurance Article as "a vehicle, including a trailer, that is operated or designed for operation on a public road by any other power other than animal or muscular power." [2] Ins. § 19–501(b)(1). Unlike the Transportation Article, "moped" is not defined in the Insurance Article.

Relying upon the definition of moped contained in Transportation § 11–134.1, Allstate argues that a moped is not a motor vehicle, but a "bicycle that is designed to be operated by human power with the assistance of a motor." Crespo counters that a "moped has a motor, thereby distinguishing it from a bicycle, which is operated solely by muscular power." [3]

In *Pennsylvania Nat'l Mut. Casualty Ins. Co. v. Gartelman*, 43 Md.App. 413, 405 A.2d 779 (1979), *aff'd on other grounds*, 288 Md. 151, 416 A.2d 734 (1980), we concluded that a moped was not an uninsured motor vehicle. In that case, the claimant, an insured motorist under a policy issued to her husband, was injured while operating an uninsured moped owned by her husband. The accident occurred when she was forced off the road by an unidentified motor vehicle. The claimant sought benefits under both the insurance policy's uninsured motorist provision and the personal injury protection provision that the insurer refused to pay because of

---

**2.** A motor vehicle does not include a bus or a taxicab. Ins. §§ 19–501(b)(2)(i) and (ii).

**3.** At oral argument, Crespo conceded that the moped driven by Topi "fit within the [statutory] definition" of a moped as contained in Transportation § 11–134.1.

certain exclusions contained in the policy. We held that the claimant was entitled to those benefits because the policy exclusion reduced the scope of coverage required by the statutory mandate. In reaching that conclusion, we said that the term "motor vehicle," as used in the Insurance Article, had "the same meaning it does in the Transportation Article." *Gartelman*, 43 Md.App. at 425, 405 A.2d 779.

The Court of Appeals affirmed our holding, but did not decide the issue of whether the term motor vehicle, as used in the Insurance Article, had the same meaning as in the Transportation Article. Instead, the Court assumed "without deciding that, under the insurance policy here involved, a moped is a 'motor' or 'highway' vehicle." *Gartelman*, 288 Md. at 153, n. 1, 416 A.2d 734.

" 'The cardinal rule of statutory construction is to ascertain and effectuate legislative intention.' " *State v. Green*, 367 Md. 61, 81, 785 A.2d 1275 (2001) (citations omitted). When we interpret a statute, our starting point is always the text of the statute. *Adamson v. Correctional Med. Servs.*, 359 Md. 238, 251, 753 A.2d 501 (2000). "[I]f the plain meaning of the statutory language is clear and unambiguous, and consistent with both the broad purposes of the legislation, and the specific purpose of the provision being interpreted, our inquiry is at an end." *Breitenbach v. N.B. Handy Co.*, 366 Md. 467, 473, 784 A.2d 569 (2001). The plain meaning rule is "elastic, rather than cast in stone[,]" and if "persuasive evidence exists outside the plain text of the [statute], we do not turn a blind eye to it." *Adamson*, 359 Md. at 251, 753 A.2d 501 (citing *Kaczorowski v. Baltimore*, 309 Md. 505, 513–14, 525 A.2d 628 (1987)).

In determining a statute's meaning, we may "consider the context in which a statute appears, including related statutes and legislative history." *Ridge Heating, Air Conditioning & Plumbing, Inc. v. Brennen*, 366 Md. 336, 350–51, 783 A.2d 691 (2001). Also, we may "consider the particular problem or problems the legislature was addressing, and the objectives it sought to attain." *Sinai Hospital of Baltimore, Inc. v. De-*

*partment of Employment and Training,* 309 Md. 28, 40, 522 A.2d 382 (1987). "This enables us to put the statute in controversy in its proper context and thereby avoid unreasonable or illogical results that defy common sense." *Adamson,* 359 Md. at 252, 753 A.2d 501.

We are not convinced that, standing alone, the statutory definitions of "motor vehicle" and "moped" as found in the Transportation Article and the Insurance Article are dispositive. As discussed, Transportation § 11–134.1 defines a moped as a "bicycle that is designed to be operated by human power with the assistance of a motor." Moreover, a moped, along with a motor scooter, is expressly exempted from the definitions of "motor vehicle" in Transportation §§ 11–135(b)(1) and (2). Title 19 of the Insurance Article defines a " 'motor vehicle' as a vehicle ... that is operated or designed for operation on a public road by any power *other than* animal or muscular power." Ins. § 19–501(b)(1) (emphasis added).

It can be argued that the definition of "motor vehicle" in Ins. § 19–501(b)(1) is broad enough to include a "moped." The Merriam–Webster's Collegiate Dictionary 754 (10th ed.2000) defines " 'moped' as a lightweight low-powered motorbike that can be pedaled." At times a moped can be operated on a public road by a power other than muscular or human power. The statutory definition of a moped as a "bicycle ... designed to be operated by human power with the assistance of a motor" in Transportation § 11–134.1 would not preclude its *operation* on a public road by a power other than muscular power.

Our analysis in this instance, however, does not end with the definitions. Because "the Transportation Article focuses on the owners and drivers of motor vehicles" and the "Insurance Article focuses on insurance companies and their insureds," the Court of Appeals has instructed us to read the "two parts of the Code ... together, in harmony." [4] *Maryland Auto.*

---

4. Ins. § 19–101(b) also provides: "In addition to any requirement of this article and to the extent not inconsistent with this article, a motor

*Ins. Fund v. Perry,* 356 Md. 668, 670, 741 A.2d 1114 (1999). When we do, we are persuaded that a moped is not a motor vehicle for uninsured motorist purposes.

Under Maryland law, an owner of a motor vehicle that is required to be registered must provide "security" in the form of a "vehicle liability insurance policy" or comparable security acceptable by the Motor Vehicle Administration. Transportation §§ 17–103(a)(1) and (2). The policy or security shall provide statutorily set minimum coverages for payment of claims for "bodily injury or death," property damage, personal injury protection ("PIP benefits") as "described under § 19–505 of the Insurance Article," and uninsured motorist ("UM") coverage as "required under § 19–509 of the Insurance Article." Transportation § 17–103(b). Insurance companies providing motor vehicle insurance are required to offer the mandatory minimum coverages as well as other coverages. Ins. § 19–501 *et seq.*

Because a moped is not included as a motor vehicle in the Transportation Article, a moped is not required to be registered, *see* Transportation § 13–402,[5] and the owner is not required to have the required "security," i.e., minimum insurance coverages, as is the owner of a motor vehicle, *see* Transportation § 17–104.[6] In contrast, however, a motorcycle, which is expressly included as a motor vehicle, Transportation § 11–136, must be registered, Transportation §§ 13–402 and 13–915, and insured.

Although the uninsured motorist legislation is remedial in nature, we do not believe that our determination that a moped is not an uninsured motor vehicle under Ins. § 19–509 is in

---

vehicle liability insurance policy is subject to the Maryland Vehicle Law."

**5.** A "motor vehicle, trailer, semitrailer and pole trailer driven on a highway" are required to be registered. Transportation § 13–402(a).

**6.** Transportation § 17–104(b) provides that the "owner of a motor vehicle that is required to be registered in this State shall maintain the required security for the vehicle during the registration period."

derogation of the legislative intent. As the Court of Appeals said in *Nationwide Mut. Ins. Co. v. Webb*, 291 Md. 721, 436 A.2d 465 (1981), the purpose of the legislation is that the insured person have available the statutory minimum coverage as would have been available had the tortfeasor complied with the minimum requirements of the financial responsibility law. In the case of a moped, compliance would require neither registration nor insurance.

Under Title 19 of the Insurance Article, the legislature has expressly provided for insurance benefits to be available to certain individuals injured in motor vehicle accidents. Insurance § 19–501(c) defines a "motor vehicle accident" as an "occurrence involving a motor vehicle that results in damage to property or injury to a person." A pedestrian or individual, who is injured in a motor vehicle accident while "in, on, or alighting from a vehicle that is operated by animal or muscular power," is eligible for PIP benefits. Ins. § 19–505(a)(3)(ii). PIP benefits are not based on fault. On the other hand, a pedestrian or individual "in, on, or alighting from a vehicle powered by animal or muscular power, or while on or alighting from an animal," that is injured by a motor vehicle is entitled to uninsured motorist benefits under his or her insurance policy if the motor vehicle does not have that coverage in effect. Ins. § 19–513(d)(ii). Uninsured motorist coverage in the latter instance is based on the fault of the operator of the uninsured motor vehicle and presupposes that the uninsured vehicle should be insured. That would not be the case with the moped that was the cause of appellant's injuries.

In summary, we believe the legislative intent is clear. A moped is not a motor vehicle for uninsured motorist coverage. The circuit court did not err.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**